NORA BUCKLEY *vs.* RAILWAY EXPRESS AGENCY, INC.

Essex.    November 5, 1948. — December 2, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Motor vehicle. *Practice, Civil,* Appellate Division: report, appeal.

In an action in a District Court involving the issue whether there was any evidence of negligence on the part of the operator of the defendant's motor vehicle, a statement in a report by the trial judge, that it "contains all the evidence material to the questions reported," precluded this court from assuming that there was evidence more favorable to the plaintiff than that contained in the report notwithstanding a further statement therein that "there was other evidence tending to contradict the testimony of the defendant's operator" set out therein.

A finding of negligence of the operator of a motor truck was not warranted by evidence of the circumstances in which the truck, after entering an avenue from an intersecting street on a green traffic light, turning to the left and proceeding on the avenue, was in collision with an automobile which had come out of another street at the truck operator's left, had entered the avenue through a gap in a line of vehicles stopped there, and was also turning to the left on the avenue.

TORT. Writ in the District Court of Southern Essex dated August 20, 1947.

The action was heard by *Cherry*, J.

*J. S. Kaufman*, for the plaintiff.

*A. M. Pinkham*, for the defendant.

SPALDING, J. In this action of tort, which was tried in a District Court, the judge found for the plaintiff. Several requests for rulings presented by the defendant were denied. One of them (request numbered 1) asked for a ruling that there was no evidence of negligence on the part of the defendant. The Appellate Division held that the denial of this request was prejudicial error and ordered that the finding for the plaintiff be vacated and that judgment be entered for the defendant. The plaintiff appealed.

The accident occurred on Western Avenue, Lynn, at or near the intersection of Nelson Street. Western Avenue runs north and south. Nelson Street enters Western Avenue from the west but does not cross it. There is a stop sign at the end of Nelson Street. That portion of Western Avenue which is "a little south" of Nelson Street is known as McDonough Square. Cottage Street enters McDonough Square from the west, and Summer Street and another street enter the square from the east. There is a traffic light on the south side of the square which controls northbound traffic, and a light on the north side controlling southbound traffic. There is also a traffic light at the end of Cottage Street where it enters the square.

There was evidence tending to show that the accident occurred in these circumstances. At the time of the accident the traffic light at the end of Cottage Street was green, and traffic on Western Avenue through McDonough Square was "stopped by red lights." Headed in a southerly direction on the west side of Western Avenue was a line of traffic,

stopped by the traffic light, which extended back for some distance beyond Nelson Street, and there were also some automobiles parked on both sides of the avenue. The plaintiff testified that she was driving her automobile on Nelson Street toward Western Avenue and that when she arrived at the stop sign she stopped. After the driver of one of the automobiles in the line of waiting traffic on Western Avenue had backed up a little to enable her to pass, she then drove through the line and turned to her left into the northbound lane of the avenue. As she was about to complete the turn "her automobile was in collision with the defendant's truck which she did not see until the moment of the collision."

The operator of the defendant's truck testified that the truck entered McDonough Square from Cottage Street when the light at that point was green and while north and southbound traffic on Western Avenue was stopped; that he turned left and proceeded in a northerly direction along the northbound lane of Western Avenue at a speed of fifteen miles per hour; that there was no other vehicle ahead of his truck; that when he arrived in the vicinity of Nelson Street his truck was struck on the left, back of the cab, by the right front of the plaintiff's automobile; and that while he was bringing his truck to a stop it passed the plaintiff's automobile, the front bumper of which caught on the hub of the left rear wheel of the defendant's' truck and was torn off.

There was evidence that the plaintiff's automobile sustained the following damage: The right front fender and right front headlight were demolished. The front bumper was snapped off the frame and the front grille was pushed loose from the radiator. There was a cut on the right front tire and the right front wheel was bent. On the right rear fender there was a scratch. There was evidence that the defendant's truck was scratched on the left side of the body back of the cab and that the hub cap on the left rear wheel was damaged.

The trial judge, after finding that the accident occurred substantially as the plaintiff had testified, concluded that

the plaintiff was in the exercise of due care and that the "defendant's operator was negligent in failing either to slow down or come to a stop before colliding with the plaintiff's motor vehicle."

This finding will not be set aside if it can be supported on any reasonable view of the evidence. *Barttro* v. *Watertown Square Theatre, Inc.* 309 Mass. 223, 224. But the evidence here fails to show any negligence on the part of the defendant. The judge might have disbelieved the testimony of the defendant's operator, but such disbelief is not the equivalent of proof contrary to that testimony. *Boice-Perrine Co.* v. *Kelley*, 243 Mass. 327, 330. In so far as the marks on the vehicles involved furnish evidence as to how the accident happened (see *Jackson* v. *Anthony*, 282 Mass. 540, 544), they do not aid the plaintiff; they tend to prove that the plaintiff's automobile ran into the side of the defendant's truck.

In arguing that the findings of the trial judge ought to stand, the plaintiff directs our attention to the statement in the report that "there was other evidence tending to contradict the testimony of the defendant's operator." What that evidence was and what bearing, if any, it might have on the issue of the defendant's negligence we have no way of knowing. It is to be noted that the report concludes with the following statement: "This report contains all the evidence material to the questions reported." In view of this statement, which we think is controlling, we are not at liberty to assume that there was any evidence more favorable to the plaintiff than that which is contained in the report.

It follows that the trial judge erred in denying the defendant's first request. Since this ruling, if given, would have been decisive of the case, the Appellate Division rightly vacated the finding and ordered judgment for the defendant. G. L. (Ter. Ed.) c. 231, §§ 110, 124. *Ryerson* v. *Fall River Philanthropic Burial Society*, 315 Mass. 244, 254. Compare *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 449.

*Order of Appellate Division*
*affirmed.*