*Northern District*

No. 4744

## FRANCES GRICUS
### v.
## GEORGE WARDELL, et ali

(August 5, 1954)

*Gadsby, P. J.* This is an action of tort in which the plaintiff seeks to recover damages for personal injuries which she alleges to have received from falling on the front stairs of a residential building at 10 Essex Street, Cambridge, Massachusetts, owned by the defendant Bertram S. Viles and occupied, as tenants, by the defendants George Wardell and Mary A. Wardell, on January 26, 1948. There are two counts in the plaintiff's declaration, Count One against the defendants George Wardell and Mary

A. Wardell for negligence and nuisance, and Count Two against the defendant Bertram S. Viles for negligence and nuisance. The answer of the defendant Bertram Viles consists of a general denial, and a plea of contributory negligence.

At the trial, there was evidence tending to show that the plaintiff on January 26, 1948, at about 4:00 P. M., went to the residence at 10 Essex Street, Cambridge, Massachusetts to speak to the defendant Mrs. George Wardell who lived there, for the purpose of discussing with Mrs. Wardell the conduct of the latter's son; that the plaintiff went to these premises without an invitation from either of the Wardells; that she was accompanied by her son; that when they walked up the stairs leading to the front entrance of the premises, they both observed that there was an accumulation of ice on the stairs and that there was water dripping down from the direction of the roof; that Mrs. Wardell admitted them to her home and that upon leaving the premises the plaintiff, while it was still daylight, slipped on the third step from the bottom and fell, striking her head and back.

There was further evidence tending to show that the defendants Wardell rented the entire building from the defendant Viles under an oral tenancy which had commenced eleven days prior to January 26, 1948; that when they rented the house from the defendant Viles, they did not examine or look at the roof or gutters; that they had not noticed water dripping from the roof previous to January 26, 1948, but that they did observe water dripping from the roof drain or gutter at the time of the accident and that it was noticeable. There was also evidence that they had cleared the stairs in question of snow on several occasions during the period of their tenancy including January 26, 1948, and that the defendant Viles had not, during the period of their tenancy, cleared the stairs in question of snow; that the defendant Viles did not live on the premises.

At the close of the trial and before the final argu-

ments, the defendant Viles made the following requests for rulings:

"1. The evidence does not warrant a finding that the defendant Viles was in control of the premises at 10 Essex Street, Cambridge, Massachusetts at the time alleged in the plaintiff's declaration.

2. The evidence does not warrant a finding other than that the plaintiff fell on the premises at 10 Essex Street, Cambridge, Massachusetts at the time alleged in the plaintiff's declaration.

3. The evidence does not warrant a finding other than that the defendants George Wardell and Mary A. Wardell were in control of the premises at 10 Essex Street, Cambridge, Massachusetts on the date alleged in the plaintiff's declaration as tenants of the entire property from the defendant Bertram S. Viles.

4. The evidence does not warrant a finding other than that the plaintiff was on the premises for the purpose of seeing the tenants George and Mary Wardell.

5. As a matter of law, the plaintiff stands in this action in no higher position than the defendants George and Mary Wardell and cannot recover in this action unless they could recover.

6. As a matter of law, the defendants George and Mary Wardell who were tenants of the defendant Bertram S. Viles at 10 Essex Street, Cambridge, Massachusetts, could not recover in an action against the defendant Bertram S. Viles for any injury which they had received as a result of a defect or nuisance on the demised premises.

7. The evidence does not warrant a finding for the plaintiff."

The Court, at the request of the defendant Viles, granted the rulings 1, 2, 3, 4, 5 and 6.

The Court denied the defendant Viles' ruling number 7. "That the evidence does not warrant a finding for the plaintiff."

The Court found the following facts:

"On all the evidence I find as a fact that at the time the defendant Viles rented the building to the defendants Wardell, a defect existed which the defendant Viles negligently suffered and which he didn't contemplate would be repaired by the tenants. Such defect also constituted a continuing nuisance."

The Court found for the plaintiff.

This report contains all the material evidence.

The defendant Viles claims to be aggrieved by the denial of his request for ruling numbered 7:

"That the evidence does not warrant a finding for the plaintiff."

I hereby report the same to the Appellate Division for determination.

(s)    John J. Crehan

Special Justice

There is no question but that the defendant Viles had relinquished control of the premises to the tenants Wardell. The Court granted the defendant's request number 1 to that effect.

From the finding by the trial judge, it is evident that he was not concerned about the question of control in arriving at his decision. In *Nichols v. Donahue*, 309 Mass. 241 at 243, it was held under similar circumstances, it was error for the Court to rule that the owner was in control. The trial judge has proceeded on the theory that a landlord, even if not in control of the premises, may be found liable to a third person for a nuisance. *Souza v. Secher*, 302 Mass. 28; *Donahue v. O'Keefe*, 255 Mass. 35; *Daley v. Savage*, 145 Mass. 38.

In short, the trial judge has ruled in effect that the evidence disclosed a continuing nuisance for which the defendant Viles was liable to the plaintiff.

The difficulty with the opinion of the trial judge is that, although he followed accurately certain fundamental principles of law, yet we fail to see wherein on the evidence he was able to determine that a nuisance did exist. There was no evidence as to the

condition of the premises at the time the tenancy of the defendants Wardell began and none from which its condition then could be inferred.

The report states that it contains all the material evidence. We therefore cannot assume there was any evidence more favorable to the plaintiff than is contained in the report. *Buckley v. Railway Express Agency, Inc.*, 323 Mass. 448 at 451.

The mere fact that water was observed to be dripping from the direction of the roof on the day of the accident and that none was observed before is not sufficient to show that the dripping at the time of the accident was due to a defective condition which did not exist previously. *Roger v. Dudley Realty Co.*, 301 Mass. 104.

We therefore feel that prejudicial error was committed by the Court in his refusal to grant request for ruling number 7 of the defendant Viles and this action should be reversed.

Finding for the plaintiff is therefore vacated and a finding ordered for the defendant Viles.

George Goldstein, for the plaintiff.

Badger, Pratt, Doyle & Badger, for the defendant.