ARTHUR WARREN & another *vs.* SHIRLEY M. HOWE & another.

Middlesex.   January 5. 1955. — February 7, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence,* Motor vehicle.

Evidence of the circumstances in which an automobile operated by the defendant at night on a wide public highway during a light flurry of snow struck in the rear with considerable force a taxicab operated by the plaintiff after the taxicab had slowed to a stop and had been "stopped for an appreciable period of time" to permit an automobile ahead of it to make a turn warranted a finding of negligence on the part of the defendant.

TORT.   Writ in the First District Court of Eastern Middlesex dated September 29, 1950.

Upon removal to the Superior Court, the action was tried before *Good,* J.   There were verdicts for the plaintiffs and the defendants alleged exceptions.

*Thomas H. Mahony & Edward F. Mahony,* for the defendants, submitted a brief.

*Bertram A. Sugarman,* for the plaintiff.

WILKINS, J.  On March 13, 1950, about 9:50 P.M. during a light flurry of snow the plaintiff Warren (hereinafter called the plaintiff) was driving a taxicab of the plaintiff Kelliher on Main Street, Malden.  We summarize the facts the jury could have found.  In order to permit an automobile ahead of him to make a "U" turn the plaintiff slowed down, signaled to its operator to make the turn, and stopped in fifteen to twenty feet.  He did not make a sudden stop. When the automobile making the turn started from the curb, the plaintiff's speed was about five miles an hour.  After the automobile ahead had cleared the taxicab, which was standing still, and had been "stopped for an appreciable period of time," the taxicab was struck in the rear by the defendant Howe's automobile operated by the defendant Artemchuk, who said "he couldn't stop."  The plaintiff was thrown back and felt a "funny feeling" like a snap in his spine.  The taxicab required a new bumper bar and a new gravel shield, and the rear of the body and a gravel shield had to be straightened.  Main Street was sixty to seventy feet wide.  There were parked automobiles on the side of the street on the plaintiff's right.  The side of the taxicab was about a foot and a half to the left of the parked automobiles.  The only moving traffic was the taxicab, the Howe automobile, and the automobile making the "U" turn.

In this action of tort for negligence the jury returned verdicts for the plaintiffs.  The defendants, neither of whom testified, contend that their motions for directed verdicts should have been granted on the ground that there was no evidence of negligence.  There was no error.  A rear end collision without evidence of the attending circumstances is not proof of negligence of the operator of either vehicle, but slight evidence of the circumstances may place the fault.  *Buda* v. *Foley*, 302 Mass. 411, 412–413.  Here on a public highway at least sixty feet wide there were but three vehicles in motion at any material time.  The taxicab, whose last given rate of speed was five miles an hour, had been stopped "for an appreciable length of time."  *Lech* v.

*Escobar*, 318 Mass. 711, 712. That the defendant operator, who said he was unable to stop but did not say he could not see the taxicab, struck that vehicle with the force described by the evidence was enough, in the absence of further explanation, to warrant a finding of negligence on his part. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54; *S. C.* 258 Mass. 446, 450. *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130, 131. *Hendler* v. *Coffey*, 278 Mass. 339, 340–341. *Jennings* v. *Bragdon*, 289 Mass. 595, 597–598. *Kerr* v. *Palmieri*, 325 Mass. 554, 556–557. Such a finding was not precluded by the fact that there was a light flurry of snow.

<div align="right">

*Exceptions overruled.*