*Southern District*

*Third District Court of Bristol*

No. 8188

## SINGER SEWING MACHINE COMPANY

**v.**

## ARTHUR V. TRIPP, et al

*Nash, P. J.* Tort in which plaintiff seeks to recover for damage done to his panel truck as a result of a collision between his motor vehicle and the defendant's automobile on Main Road, in Westport, Massachusetts, on November 21, 1953, alleging that the accident was caused by the negligence of the defendant. The answer is a general denial and contributory negligence.

Upon somewhat conflicting testimony the trial judge (*Barnett, J.*) found that an employee of the plaintiff was driving the plaintiff's truck through Westport on his way to New Bedford. He was following a car driven by the defendant, Donald C. Tripp. He was several car lengths behind the car in front. As the defendant approached a driveway, leading to his home, he continued past the entrance and came to a sudden stop. The plaintiff applied his brakes and swerved to the right and collided with the rear of defendant's car. The defendant's car was not equipped with directional signals and no hand signal indicating his intention to stop was given to the plaintiff. The defendant testified that he did not observe any car to the rear of him although he could see a distance

of from 80 to 110 feet. Apparently the plaintiff was actually behind him and the collision might have been avoided if the defendant had given the proper signals in time for the plaintiff either to stop behind him or pass him.

"Upon all the evidence I find that there was negligence on the part of the defendant and that the plaintiff was in the exercise of due care." These findings were warranted on the testimony. The court found for the plaintiff in the sum of $269.69.

The defendant duly filed the following two requests for rulings:

"*First*: Upon all the evidence, the plaintiff was negligent in the operation of his motor vehicle in that he did not drive his car a reasonable distance to the rear of the defendant's car to permit him to stop without colliding with the defendant."

"*Second*: Upon all the evidence, the defendant has a right to rely to a great extent upon the expectation that the plaintiff, operating a car to the defendant's rear, will make an effort to avoid a collision."

Both were denied as being "contrary to fact".

The defendant claims to be aggrieved because the trial court denied his two requests for rulings. The report states it contains the evidence material to the case reported.

The mere happening of a rear end collision is no evidence of negligence of either party but slight evidence of the circumstances attending the collision "may place the fault". *Hendler v. Coffen*, 278 Mass. 339, 340; *Jennings v. Bragdon*, 289 Mass. 595, 597; *Buda v. Foley*, 302 Mass. 411; *Lech v. Escobar*, 318 Mass. 711; *Warren v. Howe*, 1955 A. S. 71, 73; *Mazukna v. Powers*, 1955 A. S. 1125, 1127.

Contributory negligence is made an affirmative defense to be pleaded and proved by the defendant by virtue of General Laws c. 231, §85 as appearing in St. 1947, c. 386, §1.

In the instant case the testimony is undisputed that this collision occurred upon Main Road, in Westport, a two lane highway, and that there was no other traffic save the plaintiff and the defendant cars, both proceeding in the same direction at about 25 miles per hour and the court found as a fact that the plaintiff was proceeding "several car lengths behind the car in front". Despite this evidence and finding of fact the court found that the plaintiff was in the exercise of due care and that the cause of the collision was the failure of the defendant to give a proper signal indicating his intention to stop. Whether the plaintiff's failure to stop his motor vehicle without coming in contact with the defendant's automobile was due to negligence of the plaintiff's operator was for the trier of fact to determine. *Warren v. Howe,* 332 Mass. 213; *Mazukna v. Powers,* 1955 A. S. 1125, 1127.

The judge has found that the plaintiff's employee was in the exercise of due care and that the finding should be for the plaintiff. He ruled rightly in denying the defendant's requests for rulings. There is no error and the *report should be dismissed.*