*Northern District*

No. 5764

**FELIX FIORE**

v.

**NICHOLAS POULOS**

August 14, 1963

*Present*: Brooks, P.J., Connolly & Parker, JJ.

Case tried to *Cavanaugh, J.* in the District Court of Chelsea. No. 1153 of 1961.

*Brooks P.J.* This is an action of tort to recover for personal injuries and property damage arising out of a collision of cars between plaintiff's automobile and an automobile operated by the defendant.

The answer consists of general denial and an allegation of contributory negligence and violation of law on the part of plaintiff.

Plaintiff was the sole witness at the trial. *His testimony tended to show the following*: Plaintiff was operating his vehicle from Chelsea down Broadway towards the rotary where Broadway and American Legion Highway meet. The street forming the rotary was about five car widths and the grass circular island in the rotary was at least 120 feet across. Where Broadway comes into the rotary there is a filling station on the right and 40 to 50 feet further there is a Bait Shop on the corner where American Legion Highway leaves the

rotary. Plaintiff, as he proceeded down Broadway, was traveling 15 to 18 miles per hour as he passed Hutchinson Street on his right. He continued on to pass Beach Street on his right and the gasoline station was 40 feet further beyond Beach Street. When he came to Hutchinson Street he could see all the way to the island in the rotary and the road as it comes around the island. His view into the rotary was unobstructed and he did not see any cars moving in the rotary. Plaintiff entered the rotary from Broadway at 15 to 18 miles per hour, turning to his right intending to proceed through the rotary and into American Legion Highway on the right. He passed the gas station which is about 40 to 50 feet across and continued on without changing or slowing his speed until he was at or near the bait shop, which is 40 to 50 feet beyond the gas station, at which point his vehicle, which was still traveling 15 to 18 miles per hour, collided with the vehicle operated by the defendant, the points of contact being plaintiff's left front fender and defendant's right middle side a little behind the right front door. Plaintiff, prior to the contact, did not at any sime see defendant's vehicle. After the contact defendant's car moved 4 or 5 feet towards the sidewalk in front of the bait shop, defendant's front wheels being then almost up to the sidewalk. Plaintiff applied his brakes at the point of contact. The foregoing is taken practically verbatim from the Report.

At the close of the trial and before final

arguments, defendant made the following requests for rulings:

1. There is no evidence to warrant a finding for the plaintiff.

2. There is sufficient evidence to warrant a finding for the defendant.

The court made the following Findings and Rulings:

"This is an action of Tort for Personal Injuries sustained by the plaintiff, Felix Fiore, and for property damage to Felix's motor vehicle.

The plaintiff, Felix Fiore, was operating his vehicle, without passengers, on Broadway Circle and American Legion Highway in the City of Revere on October 16, 1960 driving in a right lane.

The defendant, Nicholas Poulos, with two passengers driving his vehicle was moving in a somewhat similar direction preliminary to stopping at a curb to park.

Testimony, in part, as offered by the plaintiff was that his car was stuck on the left fender as a result of the defendant's car moving to its right to reach the curb, while the defendant contended his car was actually struck from the rear.

I find upon all the evidence that the defendant was the operator of the car which collided with the plaintiff's car; that the defendant operated in a negligent manner and that the plaintiff was in the exercise of due care.

I find for the plaintiff, Felix Fiore, against the defendant, Nicholas Poulos, on Count I in the sum of $325.00 and Count II in the sum of $75.00.

Defendant's Request for Rulings is denied because of my Finding of Fact."

The question at issue is whether the trial court erred in denying either of defendant's two requests for rulings.

In our opinion there was prejudicial error in the denial of the second request. It is unnecessary therefore to consider the first request.

The second request was:

"There is sufficient evidence to warrant a finding for the defendant."

The denial of such a request is equivalent to a ruling that plaintiff is entitled to recover as a matter of law,—which means that a finding for defendant could not have been made.

The question therefore arises was there evidence recited in the report from which a finding for defendant could have been made.

The leading case in this Commonwealth on this subject is *Bresnick v. Heath*, 292 Mass. 293. This case has been cited in innumerable succeeding cases among which is *Rummell v. Peters*, 314 Mass. 504, 517 and more recently in *Ricciardone v. Carvello*, 334 Mass. 228, 231; *Quality Finance Company v. Hinkey*, 337 Mass. 150, 152; *Belger v. Arnot*, 344 Mass. 679.

Perhaps the closest case to the facts before us is *Hoffman v. Chelsea*, 315 Mass. 54. That was a tort case in which the trial court found in favor of plaintiff, having denied defendant's Request for Ruling: "There is evidence to

warrant a finding for defendant." The court said that this was equivalent to a ruling as a matter of law that a finding for defendant could not have been made. In other words, that as a matter of law the evidence required a finding for plaintiff. The court at page #56 says:

"Such a ruling could not rightly have been made since, as already pointed out, the evidence warranted a finding for defendant. And such a ruling was not harmless error. The denial of the defendant's first request for ruling cannot be justified unless on the ground hereinafter considered that the ruling requested was rendered immaterial by a special finding or special findings of fact."

The mere findings of special facts by the court does not necessarily render a request immaterial. In *Hoffman v. Chelsea* the court did make special findings which the Supreme Court ruled did not make immaterial defendant's request. In the case before us the trial justice made special findings of fact which do not make defendant's request immaterial since such findings are unsupported by evidence.

In *Buckley v. Railway Express Company,* 323 Mass. 448 at 451 the court declared erroneous the trial judge's denial of the request that there was no evidence of defendant's negligence saying: "But the evidence here fails to show any negligence on the part of the defendant."

In the present case there is not only the question of lack of defendant's negligence,

there is also the question of the due care of plaintiff. It is difficult on the facts presented to see any preponderance of evidence in favor of plaintiff in either of these aspects. Up to the moment of collision plaintiff had not seen defendant's car, although before entering the rotary plaintiff had an unobstructed view and saw no cars in motion in the motary. The distance which defendant's car traveled after impact,—four to five feet, and the amount of damage to plaintiff's car, apparently $75.00, without further evidence negatives any suggestion of speed on defendant's part. Defendant was apparently ahead of plaintiff. There is no explanation why plaintiff ran into the side of defendant's car or why plaintiff did not see it. The best that can be said for plaintiff is that defendant perhaps should have seen plaintiff's car, but even that is not clear.

In *Hoffman v. Chelsea* a new trial was ordered. The present case was only partially heard and on very scant evidence. The facts set forth in the report present far from a clear picture of the accident. Under the circumstances that the finding for plaintiff should be vacated and in the interest of justice the case should again stand for trial.

Leader & Newman, of Chelsea, for the Plaintiff.
James M. McDonnell, of Boston, for the Defendant.