. MARY A. DELFINO & others *vs.* GEORGE A. TOROSIAN.

Worcester. April 3, 1968. — June 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Negligence,* Motor vehicle. *Joint Tortfeasors. Damages,* For tort. *Practice, Civil,* New trial.

Evidence in an action that the defendant was driving his automobile on a State highway some 150 feet behind and in the same direction as the plaintiffs' automobile and at a similar speed when the defendant "saw a car flash across the road in front of" the plaintiffs' automobile and "saw the brake lights" of their automobile "come on" and then "applied his brakes not in an emergency attitude, but as if one . . . [were] approaching a red light 100 feet away and slowed down," that the defendant's automobile then ran into the rear of the plaintiffs' automobile a brief interval after it had stopped and had been struck on its front by the automobile which the defendant had seen "flash across the road," and that the defendant could have stopped within twenty or twenty-five feet at the speed he was then traveling, warranted a finding that the defendant failed to exercise due care to avoid the collision with the plaintiffs' automobile. [397–398]

In an action for personal injuries sustained by the plaintiffs while riding .in an automobile against the operators of two other automobiles, evidence that the operator of the plaintiffs' automobile "slowed down and stopped" upon seeing the headlights of one defendant's automobile approaching from the opposite direction on the wrong side of the road, that it had been traveling at a high rate of speed, and skidded and struck and extensively damaged the front of the plaintiffs' automobile, that a brief interval later their automobile was struck in the rear and

extensively damaged by the automobile of the other defendant due to his negligence, and that the plaintiffs were "tossed" around in their automobile, with two of them finally striking its windshield and getting cut after the second collision, warranted conclusions that it was almost impossible to determine which injuries were due to which collision, that the two collisions were essentially one accident caused by the combined negligence of the two defendants, and that they were both liable for all the injuries sustained by the plaintiffs. [398]

There was no abuse of discretion in the denial of a motion for a new trial by one of two tortfeasors found liable for all the personal injuries sustained by the plaintiffs when their automobile was struck by the automobile of the other tortfeasor and a brief interval later by the automobile of the tortfeasor filing the motion. [398–399]

TORT. Writ in the Superior Court dated July 21, 1964.

The action was tried before *DeSaulnier, J.*

*Samuel Perman* for the defendant.

*William A. Murray* (*Francis J. Larkin* with him) for the plaintiffs.

SPIEGEL, J. This is an action of tort for personal injuries and property damage resulting from a three car automobile collision. The action was brought against two defendants, Amelio T. Danello, Jr. and George A. Torosian. It was first tried in the remand session of the District Court of Western Norfolk. The judge there found for the plaintiffs against the defendant Danello and in favor of the defendant Torosian. Thereafter the case was tried to a jury in the Superior Court. Torosian filed a motion for a directed verdict which was denied. The jury returned a verdict against both Danello and Torosian. Torosian filed a motion for a new trial which was denied. The case is here on Torosian's exceptions to the denial of his motion for a directed verdict and to the denial of his motion for a new trial.

We summarize the evidence most favorable to the plaintiffs. The automobile in which the plaintiffs were riding was traveling in the right hand lane of a State highway at a speed of thirty-five or forty miles an hour. The plaintiffs saw the headlights of Danello's car approaching from the opposite direction, on the wrong side of the road. The plaintiff Ines R. Diomedes (Ines), who was driving, "slowed down and stopped." Danello's car, which had been travel-

ing at a high rate of speed, skidded into the front of the
plaintiffs' car at an angle. "[A]lmost at the same time,"
the plaintiffs' car was struck in the rear by the car driven
by Torosian. There was extensive damage to both the front
and rear of the automobile in which the plaintiffs were rid-
ing. Torosian was traveling some 150 feet behind the plain-
tiff's car at a similar speed, thirty-five or forty miles an hour.
Torosian "saw a car flash across the road in front of the car
in front of us" but thought that the car "was pulling into a
road or driveway." He "saw the brake lights of the car in
front of us come on" but "thought she was just putting on
her brakes to slow down." He then "applied his brakes not
in an emergency attitude, but as if one . . . [were] ap-
proaching a red light 100 feet away and slowed down." The
plaintiff Mary Delfino (Mary) "got tossed frontwards and
backwards" by the first impact "and then there was an-
other car that hit from behind and that was when she went
upwards; that she went into the windshield and got deep
cuts across her nose over her eye requiring 28 stitches for her
face." The plaintiff Anita Danello (Anita) saw the Danello
car approaching and "braced herself with her hands and
turned her face to the left to protect her face and as she
turned to the left she saw another car coming from the rear
and that was when she heard the first crash which threw her
backward like and the second crash felt herself going up
hitting the windshield." Anita required "54 stitches across
the face."

Torosian contends that "No evidence of [his] negligence
. . . is shown on this record having any causal relationship
to the injuries of the plaintiffs." We do not agree. The
recited facts include sufficient evidence from which the jury
could find that the defendant failed to exercise due care in
avoiding a collision with the plaintiffs' car. Torosian, in the
District Court, testified that he thought he could have
stopped within twenty or twenty-five feet at the speed he
was then traveling. Yet he did not stop within 150 feet
after he saw the brake lights of the car ahead. The facts
bear some resemblance to those in the case of *Jennings* v.

*Bragdon,* 289 Mass. 595, and the evidence here, as there, is more than the "[s]light evidence of the circumstances" which "may place the fault" for a rear end collision. Page 597.

Torosian contends that there is no evidence to show that the plaintiffs' car, which was pushed backward by the initial impact, was not impelled into the front of his car, and not vice versa. Ines and Mary testified that the car in which they were riding was struck from behind, and the jury had before them photographs of the damaged vehicle. From this evidence the jury could find that Torosian's car ran into that of the plaintiffs.

Torosian further contends that "The plaintiffs have not shown beyond mere conjecture any injuries caused by . . . [his] conduct." He argues that the two impacts did not cause a single injury to the plaintiffs which would make him "jointly and equally liable with Danello," and that the plaintiffs' recovery against him must be limited to injuries resulting from his own negligence. That there were two impacts separated by a brief interval does not, we believe, preclude concurrent liability. While mere nearness in time may not suffice to fix joint liability, the issue is whether "there was only one accident after all and it was caused by the combined negligence" of the two tortfeasors. *Sluckus* v. *Fraktman,* 322 Mass. 379, 384. There was evidence in the instant case that the plaintiffs were "tossed" around in their automobile, with two of them finally striking the windshield after the second collision. It is almost impossible to determine which injuries were due to Torosian's negligence and which injuries were caused by the conduct of Danello. It was, therefore, reasonable for the jury to conclude, in effect, that this was essentially one accident.

Since there was sufficient evidence for the jury to find that Torosian was negligent and that as a result the plaintiffs, who were in the exercise of due care, were injured, there was no error in the denial of the motion for a directed verdict.

In regard to the denial of his motion for a new trial, Torosian makes essentially the same argument that he makes

with reference to the denial of his motion for a directed verdict. As we have pointed out above, there was evidence that certain injuries were the result of the second impact, and the jury were entitled to conclude that Torosian was in part responsible for all of the injuries in what was essentially a single accident.[1] The assessment of damages against Torosian was therefore not merely speculative. In any event, a motion for a new trial is addressed to the discretion of the trial judge. *Bresnahan* v. *Proman,* 312 Mass. 97, 101–102. There was no abuse of discretion.

*Exceptions overruled.*

---

[1] Torosian maintains that the charge given by the trial judge "precludes" the jury from finding that "Danello, Jr., and Torosian were joint tortfeasors or that their acts combined to produce a single injury." The judge instructed the jury that "if you reach the question the defendant Torosian is responsible and come to the assessment of damages . . . , the plaintiffs have the burden of proving the damages were sustained as the result of the negligence of the defendant Torosian." We do not interpret this instruction as precluding a finding that damages were sustained as the result of Torosian's negligence in concurrence with that of the other defendant.