ALICE FRAZIER & another *vs.* COSMO CORDIALINO.

Middlesex.     November 6, 1969. — December 3, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence*, Motor vehicle.

Evidence in an action of the circumstances in which an automobile operated by the defendant was struck in the rear by another automobile and the defendant's automobile ran into the rear of a third automobile stopped in front of it did not warrant a finding of negligence on the part of the defendant toward plaintiffs who were passengers in the third automobile.

TORT.     Writ in the Superior Court dated March 30, 1967.

The action was tried before *Faraci*, J., a District Court judge sitting under statutory authority.

*Thomas D. Burns* for the defendant.

*Monto Rosenthal* for the plaintiffs.

SPALDING, J. This is an action of tort for personal injuries sustained by the plaintiffs Alice and Mary Frazier, who were passengers in a car driven by Louise Parker. Verdicts were returned for the plaintiffs. The case comes here on the defendant's exceptions to the denial of his motion for directed verdicts, and to two rulings on evidence.

The plaintiff Mary Frazier testified as follows: Immediately before the accident the Parker car, which had been

proceeding about five miles an hour, came to a stop behind a truck. She then heard "two contacts, bang, bang, like that." One contact was made when a car behind the defendant's car hit the defendant's car. The defendant's car hit the Parker car. The Parker car did not hit the truck in front because it was moving. The trunk and rear bumper of the Parker car were pushed in.

One Silva, the driver of the car which struck the defendant's car, testified that he was proceeding about five to ten miles an hour and the defendant's car was about a car length in front of him. "He never saw any red lights go on the rear . . . [of the defendant's car], no brake lights or anything else." He "put his brakes on and then he hit . . . [the defendant's car], bumper to bumper." There was no damage to Silva's car or to the rear of the defendant's car. Silva did not know whether the defendant's car struck the Parker car before his car struck the defendant's. Nor did he know whether the collision had caused the defendant's car to move.

"Evidence of a rear end collision without evidence of the circumstances under which it happens is not proof of the negligence of the operator of either vehicle, and the rule of *res ipsa loquitur* does not apply, but slight evidence of the circumstances 'may place the fault.'" *Buda* v. *Foley*, 302 Mass. 411, 412–413. *Jennings* v. *Bragdon*, 289 Mass. 595.

We are of opinion that the evidence of the circumstances does not go far enough to "place the fault" within the principle just stated. Contrary to the plaintiffs' contention, it cannot be said on this record that the defendant was negligent in driving too close to the Parker car and in failing to stop after his car was hit. The defendant's motion for directed verdicts should have been granted. In view of this conclusion it is unnecessary to discuss the rulings on evidence.

*Exceptions sustained.*
*Judgments for the defendant.*