DAVID VARISCO *vs.* ROBERT L. MALOVIN.

Hampden.    December 4, 1969. — February 4, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Negligence*, Motor vehicle.

Evidence in an action merely that after the plaintiff's automobile had stopped on a crowded four lane highway his automobile "was struck in the rear" by another automobile did not warrant a finding of negligence of the operator of the second automobile toward the plaintiff.

TORT. Writ in the District Court of Springfield dated November 13, 1964.

The action was heard by *Walsh*, J.

*Edward J. Barry* for the plaintiff.

*David J. Giard, Jr.*, for the defendant.

SPALDING, J. In this action of tort arising out of a collision of two automobiles there was a finding for the plaintiff on counts for personal injuries and property damage. On a report to the Appellate Division the finding was vacated and judgment was ordered for the defendant. The plaintiff appealed.

The questions presented arise out of the denial of five requests for rulings submitted by the defendant. In substance these asked the judge to rule that the evidence would not warrant findings (1) that the defendant was the person involved in the accident and (2) that if he was, there was negligence on his part. The Appellate Division disposed of the case on the first issue (identity) and did not reach the question of negligence. We prefer to dispose of the case on the second issue (negligence). Accordingly, we assume, without deciding, that a finding in favor of the plaintiff on the identity issue was warranted.

The evidence on the issue of negligence was as follows. The plaintiff, the sole witness, testified that about 3:30 P.M. on October 31, 1963, he was driving his car southerly on Riverdale Road, West Springfield. The road, which consisted of four lanes, was dry and there were no obstructions to visibility. The traffic was heavy and there were cars in back of him, in front of him and to his left. The "traffic was about 100 yards in front of him and about three or four car lengths behind him. . . . [A]s he approached a parking lot on his right he saw one car pull out of the . . . lot" and "thought a second car was going to enter the highway in front of him from the same parking lot." He gradually applied his brakes and started slowing down about 200 feet from where he stopped. Prior to that he had been traveling at a speed of forty to forty-five miles an hour. After he had stopped "he was struck in the rear." There was no damage

to the front of the car that struck him. The plaintiff "knew that the car behind him had been struck in the rear by a third car" as he had been told so by the defendant.

In *Buda* v. *Foley*, 302 Mass. 411, 412–413, we said that "Evidence of a rear end collision without evidence of the circumstances under which it happens is not proof of the negligence of the operator of either vehicle, and the rule of *res ipsa loquitur* does not apply, but slight evidence of the circumstances 'may place the fault.'" We are of opinion that the slight evidence of the circumstances necessary to place the fault was lacking here. The plaintiff has merely shown that his car was hit by another car while stopped on a crowded four lane highway. This bare description of the circumstances, without more, does not warrant a finding of negligence. There is no evidence concerning the position of the defendant's car in relation to the plaintiff's when stopped, nor evidence that the plaintiff's car was struck with such force that an inference of negligence is permissible. This court has considered such factors to be relevant in deciding whether a plaintiff has made out a prima facie case. See *Warren* v. *Howe*, 332 Mass. 213; *Mazukna* v. *Powers*, 333 Mass. 331; *Frazier* v. *Cordialino, ante,* 465. Furthermore, there is some indication that the defendant's car was first struck by a third car before colliding with the plaintiff's. Without some evidence that the defendant's manner of driving caused the collision with the third car or the subsequent collision with the plaintiff's, the plaintiff has failed to show the slight evidence of circumstances on which a finding of negligence could be based.

*Order of Appellate Division affirmed.*