*Northern District*

No. 7611

**ESTHER OLOFSON, ET AL.**

v.

**MARTIN KILGALLON, ET AL.**

Argued: Aug. 19, 1971 - Decided: Dec. 22, 1971.

*Present:* Parker, P.J. Durkin, Flaschner, J.J.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex No. 4145.

**Flaschner, C.J.** This is a rear-end collision case for personal injuries suffered by the passengers of a taxicab hit from behind by a vehicle owned by the defendant Kilgallon and operated by the defendant Donohue. Findings were

made for each of the plaintiffs. The only question on appeal is the denial by the trial judge of the first request by the defendants that the evidence does not warrant the finding Donohue was negligent.

The only evidence in the report on this question was that "about 9:00 P.M. on March 11, 1969 the plaintiff entered a cab in front of the Cambridge Savings Bank in Harvard Square, Cambridge, Massachusetts. The cab then pulled out and came to a stop at a red light and was then 'hit from the back'." The trial judge made findings consistent with this evidence. However, his findings also included that the cab "stopped a few seconds" and that the plaintiffs sustained injuries as a result of the impact, causing them to be absent from their employment and incurring medical expenses.

These additional findings of the trial court are not based on any evidence in the report. The report from the trial court to the Appellate Division should include any evidence material to issues raised at the trial. While any finding of the trial Court is not open to review if there is any evidence to support it, that evidence must be included in the report. "We cannot assume that there was material evidence more favorable to the plaintiff which does not appear in the report. See *Buckley* v. *Railway Express Agency, Inc.*, 323 Mass. 448, 451" *Sullivan* v. *Aussebel*, 39 Mass. App. Dec. 222.

This case is not unlike *Varisco* v. *Malo-*

*vin,* 356 Mass. 712, where the issue of identity apparently bulked at least as large at the trial as the issue of negligence. In the instant case, the issue of identity is well resolved by the evidence warranting the finding in favor of the plaintiffs. However, on the issue of negligence *Varisco* is controlling. As in that case the plaintiffs here have merely shown that their car, while stopped, was hit by another car. The opinion in *Varisco* at p. 714 is fully applicable here:

> "This bare description of the circumstances, without more, does not warrant a finding of negligence. There is no evidence concerning the position of the defendant's car in relation to the plaintiff's car when stopped, nor evidence that the plaintiff's car was struck with such force that an inference of negligence is permissible. This Court has considered such factors to be relevant in deciding whether a plaintiff has made out a prima facie case. See *Warren* v. *Howe,* 332 Mass. 213; *Mazukna* v. *Powers,* 333 Mass. 331; *Frazier* v. *Cordialino,* 356 Mass. 465."

The slight evidence to place the fault necessary in a rear-end collision is not to be found in the report in this case. Compare the record and opinion in *Hendler* v. *Coffey,* 278 Mass. 339.

It follows that the trial judge erred in denying the defendant's first request. Since this ruling, if given, would have been decisive of the case, it is hereby ordered **that the finding for**

the plaintiffs be vacated and judgment be entered for the defendants. *Buckley* v. *Railway Express Agency, Inc.*, 323 Mass. 448. See: *Elliott* v. *Warwick Stores, Inc.*, 329 Mass. 406, 409.

McCARTHY & AUGUST
for the plaintiffs.

DAVID W. WOODS
for the defendants.