ESTHER OLOFSON & another *vs.* MARTIN KILGALLON & another.

Middlesex.    November 10, 1972. — January 12, 1973.

Present: TAURO, C.J., REARDON, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Appellate Division: report. *Negligence,* Motor vehicle.

In a report of a tort action by a District Court judge, certain statements preceded by the words "there was evidence that," included with the findings of facts, were intended to be treated as both a summary of evidence and as findings of fact, and were so treated by this court. [804–805]

Evidence that in a very congested area of a city a taxicab carrying passengers had stopped for a few seconds at a red light when it was "hit from the back" by an automobile the operator of which left the scene without identifying himself warranted a finding of negligence on his part toward the passengers. [805–806]

TORT.    Writ in the Third District Court of Eastern Middlesex dated September 19, 1969.

The action was heard by *Artesani,* J.

*Edward D. McCarthy* for the plaintiffs.

*David W. Woods,* for the defendants, submitted a brief.

HENNESSEY, J.    This is a tort action in which the plaintiffs seek to recover for personal injuries sustained as a result of a collision between a taxicab in which they were passengers and a vehicle allegedly owned by the defend-

ant Martin Kilgallon, and allegedly operated by the defendant Robert Donohue. The case was tried in the District Court, and the judge entered findings for the plaintiffs against both defendants. On report to the Appellate Division the findings were vacated and judgments were ordered for the defendants. The plaintiffs appeal.

The issue presented arises out of the trial judge's denial of the defendants' request for a ruling that the evidence did not warrant a finding that the defendant Donohue was negligent. The Appellate Division decided that this was error and that the ruling should have been granted. If the findings against Donohue were warranted, so also were the findings against Kilgallon.

There was evidence showing that about 9 P.M. on March 11, 1969, the plaintiffs entered a taxicab in front of the Cambridge Savings Bank in Harvard Square, Cambridge. The taxicab then pulled out and came to a stop at a red light. After a few seconds the taxicab was "hit from the back." The other car was described by the plaintiffs as a dark colored car, possibly a Chevrolet, with a registration number of 166–070. Donohue denied that he was involved in the accident, but both plaintiffs identified him as the operator of the car. Martin Kilgallon admitted that he owned a 1964 Chevrolet with a registration number of 166–070 and that he lent it to Donohue on March 11, 1969, for business purposes. There was evidence that the plaintiffs were injured as a result of the collision, lost time from their employment and incurred medical expenses.

1. The plaintiffs argue that the Appellate Division was in error by excluding from consideration some of the evidence in the report of the trial judge. An examination of the report in this case reveals that it did not comply in all respects with Rule 28 of the Rules of the District Courts (1965) and the model report included within the rules. The model report requires both (1) a summary of the essential evidence and (2) the judge's findings of facts. A difficulty arises in this case because, although the judge listed most of the evidence in a separate section

in his report, some of the evidence was included with his findings of facts. The evidence included with the findings stated that the taxicab stopped for a few seconds and that the plaintiffs sustained injuries as a result of the impact, causing them to be absent from their employment and causing them to incur medical expenses. The Appellate Division, deciding that these findings were not supported by any evidence in the report, concluded that the judge's finding of negligence, therefore, was not supported by his summary of the evidence. Compare *Buckley* v. *Railway Exp. Agency, Inc.* 323 Mass. 448, 451.

While the model report requires a listing of the evidence and the findings of facts separately, in this case it is clear that these disputed findings were themselves evidence, since the judge specifically preceded this information with "There was evidence that . . .." From a reading of the entire report it is clear that the judge intended that those elements excluded by the Appellate Division should be treated as both a summary of evidence and as findings of facts, and we treat those elements accordingly.

2. The plaintiffs further argue that the trial judge was correct when he denied the defendants' request for a ruling that the evidence did not warrant a finding that the defendant Donohue was negligent.

The mere happening of an accident does not establish negligence on the part of the defendant, even in a case where the defendant's vehicle strikes the plaintiff's vehicle in the rear. *Reardon* v. *Boston Elev. Ry.* 247 Mass. 124, 126. *Hendler* v. *Coffey,* 278 Mass. 339, 340. However, a finding of negligence in such a case may be warranted on slight evidence of the circumstances. *Hendler* v. *Coffey, supra,* at 340. *Jennings* v. *Bragdon,* 289 Mass. 595, 597. *Budd* v. *Foley,* 302 Mass. 411, 413. *Lech* v. *Escobar,* 318 Mass. 711, 712. *Mazukna* v. *Powers,* 333 Mass. 331, 333.

In the *Hendler* case, *supra,* the fact that a taxicab was stopped by a policeman at a crossing for one minute and that the defendant did not see it before he struck the taxi-

cab in the rear warranted a finding that the defendant was negligent. In the *Jennings* case, *supra*, a finding of negligence was warranted where the circumstances revealed that the plaintiffs had been stopped by another collision only a few seconds before the defendant's automobile struck the rear of the plaintiff's car. In the *Lech* case, *supra*, an inference of negligence was permitted where the circumstances were such that while the plaintiff's car was stopped at an intersection, the defendant drove into it with considerable force. Where, however, the defendant cannot be charged with foreseeing the intervening act of a third person, such as in some chain collisions, or where the plaintiff's car is stopped on an open highway, recovery has been denied. *Frazier* v. *Cordialino*, 356 Mass. 465. *Varisco* v. *Malovin*, 356 Mass. 712.

In the instant case, the taxicab in which the plaintiffs were passengers was stopped for a few seconds at a red light in a very congested area of Cambridge. The taxicab was not stopped on a busy highway, nor was it shown that the defendants' automobile was struck from the rear, causing it to strike the taxicab. Although there was no direct evidence of Donohue's conduct, the judge could find that Donohue should have seen the taxicab and that he ought to have anticipated standing automobiles at a red light. From the evidence, the judge could infer that Donohue was negligent, "either in failing to observe or in failing to stop or in driving too fast or too near" the taxicab. *Jennings* v. *Bragdon*, *supra*, at 598. Evidence that Donohue left the scene of the accident without identifying himself could properly be considered as some further proof of his liability (*Hall* v. *Shain*, 291 Mass. 506, 512–513, and cases cited) although such evidence alone would not establish liability against Donohue. *Parsons* v. *Ryan*, 340 Mass. 245, 249–250. We conclude that there was sufficient evidence of negligence to warrant a finding for the plaintiffs.

3. The order of the Appellate Division vacating the findings for the plaintiffs and ordering judgments to be

entered for the defendants is reversed. Judgments are to be entered for the plaintiffs.

*So ordered.*