JOSEPH E. FLETCHER *vs.* JAMES F. DOCKERY. January 7, 1974. This action of tort to recover for personal injuries and property damage

resulting from the collision of an oil truck operated by the remaining defendant (defendant)[1] with a truck owned and operated by the plaintiff is here on the defendant's exception to the denial of his motion for directed verdicts presented at the conclusion of the plaintiff's case. The evidence most favorable to the plaintiff (which does not include a possible explanation by the defendant of how the accident might have happened) is summarized: Between 3:00 and 3:45 P.M. on the clear, dry day of January 23, 1968, the plaintiff, who had been driving along a divided highway in Medford, stopped his truck for a red light, coming to a halt in the extreme right hand of three lanes. At that time there was no vehicle stopped in either of the lanes lying to the plaintiff's left. The plaintiff had been stopped for about twenty seconds when his truck was struck in the rear by the truck operated by the defendant. The force of the impact was such that (apparently after rebound) the plaintiff's chest hit the steering wheel of his truck, his body hit the steering post, and his knees hit the dashboard; "[h]is knees were all messed up and his groin part was all black and blue from his stomach all the way down to his knees." A spring was broken in the starter mechanism of his truck. On that evidence there were questions of fact for the jury as to the defendant's speed and as to whether he should have seen the plaintiff's truck in sufficient time to avoid the accident by stopping or by turning to the left. *Murphy* v. *New England Transp. Co.* 273 Mass. 275, 276-277 (1930). *Hendler* v. *Coffey,* 278 Mass. 339, 340-341 (1932). *Jennings* v. *Bragdon,* 289 Mass. 595, 596-598 (1935). *Lech* v. *Escobar,* 318 Mass. 711, 712-713 (1945). *Warren* v. *Howe,* 332 Mass. 213, 214-215 (1955). *Harrington* v. *Central Greyhound Lines, Inc. of N. Y.* 336 Mass. 436 (1957). *Olofson* v. *Kilgallon,* 362 Mass. 803, 805-806 (1973). This was not a case (such as *Buda* v. *Foley,* 302 Mass. 411, 413-414 [1939], or *Frazier* v. *Cordialino,* 356 Mass. 465 [1969]) in which the defendant could not foresee the intervening act of a third person or one (such as *Varisco* v. *Malovin,* 356 Mass. 712, 713-714 [1970]) in which the plaintiff's vehicle was "stopped on an open highway" (*Olofson* v. *Kilgallon,* 362 Mass. 803, 806 [1973]).

*Exceptions overruled.*

*Thomas D. Burns* (*Mitchell J. Sikora, Jr.,* with him) for the defendant.

*Thomas F. Sullivan* for the plaintiff.

---

[1] The other original defendant (Elizabeth Decandia) and a third-party defendant (Albert Robbins) were eliminated from the case by directed verdicts which are not questioned.