DONALD J. McELANEY & others *vs.* NICHOLAS M. HUBBY. March 5, 1975. The sole issue raised by the plaintiffs' appeal in this action for damages arising from a motor vehicle accident is the propriety of the allowance of the defendant's motion for directed verdicts. The plaintiffs' reliance on statements appearing in their unanswered notice to admit facts and in their bill of exceptions is misplaced, as none of the statements therein is properly before us: the notice to admit facts was never introduced in evidence (*Gordon* v. *American Tankers Corp.* 286 Mass. 349, 354 [1934]), and there is no showing of timely compliance with the notice requirements of G. L. c. 231, § 69, as appearing in St. 1946, c. 450 (*Deutsch* v. *Ormsby,* 354 Mass. 485, 489-490 [1968]); the bill of exceptions, though presented before July 1, 1974, was never allowed, and must therefore be treated as nothing more than a timely notice of appeal (see Mass. R. Civ. P. 1A, subpar. 7, 365 Mass. 732 [1974]; Mass. R. A. P. 1A, 3, 4, 8, 365 Mass. 844 [1974]). That leaves us with the transcript of the evidence, from which we learn the following: that the plaintiffs' car was partway through an intersection when a car driven by one Kelly sped unexpectedly through the red light on the intersecting street from the plaintiffs' right; that the plaintiffs' car veered to the left in an effort to avoid a collision; that the Kelly car collided violently with the plaintiffs' car, pushing it further to the left; and that a few seconds later the plaintiffs' car was struck again, this time by the defendant's car, which had been traveling an undisclosed distance behind the plaintiffs' car in the lane to the left of the one in which the plaintiffs had been traveling. However, we can find nothing in the record to suggest that the defendant could have seen the Kelly car or foreseen trouble more than an instant before the first collision (contrast *Jennings* v. *Bragdon,* 289 Mass. 595, 597-598 [1935]; *Olofson* v. *Kilgallon,* 362 Mass. 803, 806 [1973]), that the defendant was proceeding at an improper speed (contrast *Delfino* v. *Torosian,* 354 Mass. 395, 397-398 [1968]), or that the defendant's car hit that of the plaintiffs with unusual force (contrast *Jennings* v. *Bragdon, supra,* at 598; *Fletcher* v. *Dockery,* 1 Mass. App. Ct. 865 [1974]). While slight evidence of the circumstances in which a rear end collision occurs "may place the fault" (*Delfino* v. *Torosian, supra,* at 398), we are of the opinion that the evidence of such circumstances in the present case does not go far enough to do so. Compare *Frazier* v. *Cordialino,* 356 Mass. 465, 466 (1969); *Varisco* v. *Malovin,* 356 Mass. 712, 714 (1970), and case cited; *Mantak* v. *Sahagian,* 2 Mass. App. Ct. 871 (1974). The orders for directed verdicts are affirmed. Judgments are to be entered for the defendant.

*So ordered.*

*Robert W. Duquet* for the plaintiffs.
*Marc Redlich* for the defendant Nicholas M. Hubby.