Canavan, J.
This is an action of tort in two counts brought by the plaintiff to recover compensation for personal injuries alleged to have been sustained by him in a motor vehicle accident which occurred on March 9,1977 at about 3:00 p.m. while he was properly parked on East Concord Street, Boston, a public way. The plaintiff alleges that his motor vehicle was struck by a motor vehicle owned by the defendant, Gladstone Popplewell, and operated by the defendant, *232 Stephen G. Popplewell and that at the time his vehicle was so struck it was occupied by him.
In Count one of his complaint, the plaintiff alleges his injuries were caused by the reckless operation of the motor vehicle by the defendant, Stephen G. Popplewell, and in Count two the plaintiff alleges that his injuries were the direct and proximate result of the carelessness and negligence of the defendant operator, Stephen G. Popplewell.
The defendants’ answer admits that the plaintiffs vehicle was struck by the vehicle operated by the defendant, Stephen G. Popplewell, and by denying the allegations of the plaintiffs complaint. Specifically, the defendants deny that Stephen G. Popplewell was operating his vehicle in a reckless manner, or that the injuries allegedly suffered by the plaintiff were the direct and proximate result of the carelessness and negligence of the defendant operator, Stephen G. Popplewell.
The case was tried upon an oral stipulation by the parties that there was no agency relationship between defendant, Stephen G. Popplewell, and defendant Gladstone Popplewell and that the plaintiffs medical bills were in the amount of $10,000.
The plaintiff testified that he had been parking his car on East Concord Street, Boston; that he pulled in next to the curb, and had turned off the engine; that the next thing he was able to remember was waking up in the Boston City Hospital. He was in the hospital until May 23, 1977 and was incapacitated until late November, 1977. The plaintiff had absolutely no memory of the accident itself.
The operator of the defendant vehicle, Stephen G. Popplewell, did not testify at the trial.
Defendant Gladstone Popplewell, testified that he was not involved in the accident and had no first hand knowledge as to how the accident occurred. That although he did view the defendant car subsequent to the accident, at that time, it appeared to have been moved. He further testified that he spoke to no one at the scene of the accident, nor did he notice the plaintiffs car when he viewed the accident scene. He also testified that his son, Stephen, was employed and was on his way to work at the University Hospital when the accident occurred and that his son Stephen owned the car.
No depositions were taken in the case, nor were any interrogatories or requests for production of documents served.
The following requests for rulings were presented to the court by the defendants before the beginning of any closing argument. The court’s disposition on each of these requests is noted.
1. The law requires a finding for the defendants.
COURT: Denied, see findings.
2. The evidence requires a finding for the defendants.
COURT: Denied, see findings.
3. The mere happening of an accident is not evidence of negligence.
COURT: Granted, but see findings.
4. There is no evidence upon which the court can find that the defendant, Stephen Popplewell, was negligent.
COURT: Denied, see findings.
5. The evidence is not sufficient to warrant a finding that the defendant, Stephen Popplewell, was negligent.
COURT: Denied, see findings.
6. There being a stipulation that the defendant Stephen Popplewell was not acting as the agent of Gladstone Popplewell at the time of *233 the accident, the finding must be for the defendant Gladstone Popplewell.
COURT: Granted
The court also made the following findings:
The plaintiff, on March 9,1977, drove his car to East Concord Street, Boston, a public way, about 3:00 p.m. He parked his motor vehicle parallel to the curbing, shut off his motor preparatory to exiting the motor vehicle when the car was struck by a motor vehicle operated by the defendant, Stephen Popplewell. The car was registered to the other defendant Gladstone Popplewell. The court finds, however, that the defendant, Stephen Popplewell, was in fact the owner of the car. It was stipulated, and the court so finds, that there was no agency relationship between the registered owner, Gladstone Popplewell, and the operator, Stephen Popplewell.
The court finds that the plaintiff s car was properly parked and that it was a fixed object. The court further finds that absent any evidence to the contrary, that the accident was the result of the negligence of the operator, Stephen Popplewell. The court further finds that the accident was the proximate cause of the injuries received by the plaintiff. The court further finds that the plaintiff was hospitalized with injuries resulting from the accident from March 9,1977 through May 23,1977.
The court finds for the plaintiff against the defendant, Stephen Popplewell, and assesses damages in the amount of $75,000.
The court found for the defendants on Count I of the complaint. The court found for the plaintiff against the defendant, Stephen G. Popplewell, on Count II of the complaint in the sum of $75,000, but for the defendant, Gladstone Popplewell.
The defendant, Stephen G. Popplewell, claims to be aggrieved by the court’s denial of his requests for rulings numbered 1,2,4 and 5 and by the assessment of damages in the amount of $75,000 which the defendant says is unsupported by the evidence as a matter of law.
The issue raised by the defendant in his requests for rulings and to be decided by this court is whether there was sufficient evidence presented at the trial to warrant the judge’s finding that defendant operator, Stephen G. Popplewell, was negligent.
We find that there was no error in the judge’s denial of the defendant’s requests for rulings 1, 2, 4 and 5 and in finding the defendant, Stephen G. Popplewell, negligent.
The mere happening of an accident is not evidence of negligence, but slight evidence of the circumstances “may place the fault”. Reardon et al v. Boston Elevated Railway Co., 247 Mass. 124 (1923); Jennings v. Bragdon, 289 Mass. 595, 597 (1935); 11 Mass. Practice § 41 (Martin and Hennessey).
Here the defendant had sole control and management of his car; the car in which the plaintiff was seated was properly parked parallel to the curbing of the street and was a fixed object; it was daylight; the plaintiff shut off the motor of his car when the defendant drove his car against the plaintiffs car with sufficient force to render the plaintiff unconscious and to be confined to the hospital from March 9, 1977 to May 23, 1977 incurring medical and hospital bills totalling $10,000. We find that this was enough to permit and inference of negligence. Lech v. Esobar, 318 Mass. 711 (1945); Olofson v. Kilgaallon, 362 Mass. 803 (1973).
Dist./Mun. Cts. R. Civ. P., Rule 64 (f) provides that the Appellate Division need not pass on questions or issues not argued in the brief. It is unnecessary to *234 consider the defendant's motion covering excessive damages since it was not argued in the defendant’s brief.
Report dismissed.