McGuane, J..
This matter came before the Appellate Division on a claim of report by the defendant, Wilfred Academy of Hair and Beauty Culture.
The plaintiff, Alexandra Shannin, brought suit in tort for negligence by the defendant which resulted in alleged personal injury and other damage to the plaintiff.
Briefly the trial court stated that there was evidence that on November 10, 1982 the plaintiff went to the defendant’s hairdressing school for a cold permanent wave. The plaintiff knew that the facility was a school and knew that students would perform the work.
She (the plaintiff) testified at trial that when she entered the school she was asked to sign a document. She identified her signature on a document entitled “Manicure.Ticket.”
The trial judge made the following findings:.
“1) I find as a fact that on November 10,1982 plaintiff went to defendant’s place of business to obtain a permanent wave and paid $5.00 therefor.
*117 2) I find as a fact that plaintiff signed a form entitled Manicure Ticket which contained in small print a release of the defendant from any negligent or careless acts.
3) I find as a fact that plaintiff was unable to read the small print on the ticket and was thereby misled as to what she was signing.
4) I find as a fact that employees and/or students of the defendant performed a permanent wave on the plaintiff.
5) I find as a fact that plaintiff complained of the heat and irritation of her neck resulting in cream being applied to her neck by an employee or student of the defendant.
6) I find as a fact that the defendant, its agents or servants were negligent in the performance of their work on the plaintiffs hair.
7) I find as a fact that as a result of the negligence of the defendant, its agents or servants, the [plaintiff] suffered irritation to her scalp and ears which required medical attention, the purchase of a hairpiece and medicines with a resultant expense to the plaintiff of $83 according to testimony before the Court.
8) I find as a fact that plaintiff was confined to her home for one month. Based on the foregoing findings of fact, I find for the plaintiff and award damages in the sum of $1083. Defendant’s Requests for Rulings of Law #1, 2 and 3 are denied and, in view of the above findings of fact, the Defendant’s Requests for Findings of Fact 4 thru 10 are denied.”
The trial judge denied the defendant’s requests #1, 2 and 3 and the remaining requests were treated as requests for findings of facts and not requests for rulings of law. Stella v. Curtis, 348 Mass. 458 (1965).
Based on the detailed findings by the trial judge, his rulings on the defendant’s requests for rulings of law were subjected to the proper legal tests.
In this matter, the defendant was in sole and complete control of the process of performing a permanent wave on the plaintiff. The plaintiff received her injury as a result of that process. This is more than enough to permit the inference of negligence on the defendant’s part. Cesar Fuente v. Gladston Popplewell and another, 1983 Mass. App. Div. 231.
A finding of negligence may be warranted on slight evidence of the circumstances. Olofson et al. v. Kilgallon, 362 Mass. 803.
A second issue raised on this appeal deals with the signing of the so-called “Manicure Ticket” by the plaintiff.
It is the defendant’s claim that by signing that ticket which had printed on it disclaimers of liability that the plaintiff is therefore without any legal remedy.
The defendant’s argument is shot down by the factual findings of the trial judge. The trial judge made specific findings that the plaintiff signed a form entitled “Manicure Ticket” which contained in small print a release of the defendant from any negligent or careless acts. The trial judge further found as a fact that the plaintiff was unable to read the small print and was thereby misled as to what she was signing.
In view of these specific findings of these facts by the trial judge, it is abundantly clear that the issue of the plaintiff waiving any rightful claims by releasing the defendant of liability is without merit. While it is true that parties may contract for exemption from liablity for their own negligence, in the absence of fraud or duress failure to read the contents of a release does not avoid its effect.
In this case the trial judge found that the small print in conjunction with other printing on the ticket was misleading and unable to be read by the plaintiff. Lee v. Allied Sports Associates, Inc., 349 Mass. 544 (1965).
*118 Considering all of the defendant’s claims, we find no prejudicial error by the trial judge and this report is dismissed.