HELEN BUDA *vs.* GLADYS FOLEY.

ALEXANDER BUDA *vs.* SAME.

Worcester.     September 28, 1938. — February 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, In use of way.

Evidence that, after the operator of one of a long line of automobiles had signalled his intention to stop and had stopped six to eight feet behind the automobile ahead, his automobile was struck by an automobile behind and pushed into the one ahead, did not justify instructions to the jury that he might be found negligent toward an occupant of the automobile ahead in not foreseeing that such occurrence might take place.

TWO ACTIONS OF TORT. Writs in the District Court of Western Worcester dated September 8, 1936.

Upon removal to the Superior Court, the actions were tried before *Swift*, J. There were verdicts for the plaintiffs in the sums, respectively, of $2,910 and $210.26. The defendant alleged exceptions.

*J. Joseph MacCarthy*, for the defendant.

*F. M. Jablonski*, for the plaintiffs.

Cox, J. The plaintiff in the first case seeks to recover for personal injuries alleged to have been sustained when the automobile in which she was riding was in collision, from the rear, with the automobile that was being operated by the defendant. The plaintiff's husband seeks to recover for consequential damages in the second case. The jury found for the plaintiffs. The cases were tried to a jury upon the report of an auditor, whose findings of fact were not final, and other evidence. The only finding of the auditor as to how the collision occurred was that the Buda automobile was proceeding in a line of traffic when the automobiles ahead of it stopped, whereupon the Buda automobile stopped, but not suddenly, and the automobile operated by the defendant, which was in the line of traffic immediately following the Buda automobile, collided with its rear. He found that the defendant was negligent. There was no other evidence in the cases as to what caused the collision except in the testimony of the defendant, from which the jury could have found that the defendant was travelling behind the Buda automobile at a distance "not quite as long as the jury rail"; that it stopped without any stop signal being given; that the defendant "put out her hand to stop" and also stopped, six to eight feet from the rear of the Buda automobile; that after the defendant had stopped, an automobile that was travelling behind her struck her automobile in its rear and pushed it ahead so that it collided with the Buda automobile. The defendant's exception is to that portion of the judge's charge where, in substance, it was "left to the jury as a matter of fact to determine whether or not the defendant, by reason of being in that long line of traffic, ought to have anticipated or foreseen that by stopping her car or travelling close to the plaintiff's car, some car in the rear of the defendant's car might have forced the defendant's car or pushed it forward into the plaintiff's car and that lack of such foresight might be evidence of negligence on the part of the defendant."

Evidence of a rear end collision without evidence of the circumstances under which it happens is not proof of the

negligence of the operator of either vehicle, and the rule of *res ipsa loquitur* does not apply, but slight evidence of the circumstances "may place the fault." *Jennings* v. *Bragdon,* 289 Mass. 595, 597, and cases cited.

The defendant owed a duty to the plaintiffs to operate her automobile in a reasonably careful and prudent manner, not only as to its rate of speed but also as to its distance from the Buda automobile, and, within the bounds of ordinary care, to anticipate that the Buda automobile might be required to stop for various reasons incident to the traffic. *Murphy* v. *New England Transportation Co.* 273 Mass. 275.

"One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable." *Falk* v. *Finkelman,* 268 Mass. 524, 527. See *Conrey* v. *Abramson,* 294 Mass. 431, 433. It is well settled that the intervening negligence of a third person which contributes to an injury does not necessarily break the causal connection between the conduct of an earlier wrongdoer and the injury. See *Morrison* v. *Medaglia,* 287 Mass. 46, 49, 50, 51, where the cases are collected.

Upon the facts which the jury could have found on the testimony of the defendant, we think it was error to permit a finding of negligence on her part in not foreseeing that her automobile might be hit from behind and pushed ahead into collision with the Buda automobile. As a practical matter, finding herself in traffic which compelled her to stay in line, she could hardly take any precaution against being struck from behind beyond "putting out her hand to stop." This she says she did. Although there was evidence that just prior to the collision with the Buda automobile there was a "screeching" or "shrieking" of brakes, yet these noises are not identified as coming from any particular source. Apart from the bare finding of the auditor that the defendant was negligent, which must be laid to one side in deciding the narrow question whether there was error in

the judge's charge, there is nothing to warrant a finding upon the testimony of the defendant that her conduct amounts to a breach of duty to the plaintiffs because of some unexplained and possibly negligent act of a third person.

We are of opinion that the evidence in the case at bar did not warrant the instructions to which exceptions were taken. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 516. *McDonough* v. *Vozzela*, 247 Mass. 552, 560.

*Exceptions sustained.*