CATHERINE CLOUGHERTY & others vs. NINA PRIDHAM.

Suffolk.   October 10, 1958. — November 7, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN,
& CUTTER, JJ.

*Negligence*, Contributory, Motor vehicle.

Evidence at the trial of an action by the occupants of an automobile,
including its owner and its operator, injured when it ran into the
rear of the defendant's automobile proceeding ahead of it on a main
artery of travel upon a holiday afternoon did not permit a ruling as
a matter of law that the plaintiff operator was negligent.

TORT.   Writ in the Municipal Court of the City of Boston
dated September 12, 1952.

Upon removal to the Superior Court the action was tried
before *Thomson, J.*, a District Court judge sitting under
statutory authority.

*Holland W. Hazen*, for the defendant.

*Robert D. O'Leary*, for the plaintiffs.

RONAN, J.   Four occupants of an automobile including
the owner, Catherine Clougherty, and the operator, Grace
O'Hearn, were injured when the automobile struck the rear
of an automobile owned and driven by the defendant when
it was stopping or had stopped as it proceeded ahead of the
Clougherty automobile on the afternoon of July 4, 1952.
The jury returned verdicts for all the plaintiffs including
the personal representative of one who had died before the
trial, but under leave reserved the judge ordered the verdicts
for Catherine Clougherty and O'Hearn set aside and refused
to vacate the verdicts returned by the jury for the two
remaining plaintiffs.   Catherine Clougherty, O'Hearn, and
the defendant each excepted to the action of the trial judge
unfavorable to her.

The automobile in which the original plaintiffs were riding
was owned by Catherine Clougherty and operated by

O'Hearn. No personal negligence of the owner is claimed or argued, and the trial judge must have reserved leave and entered a verdict for the defendant in her case on the ground that the negligence of the operator was imputed to her. But whether this driver was contributorily negligent, so that her negligence could be imputed to the owner, was an affirmative defence to be set up in the answer and proved by the defendant. G. L. c. 231, § 85, as amended through St. 1947, c. 386, § 1.

The accident happened upon a holiday afternoon upon a main artery of travel. The speeds of the automobiles and the space between the Clougherty automobile and that of the defendant as they proceeded along the way, the manner in which the defendant came to a stop, whether it was sudden or otherwise, and what warning, if any, was given by the defendant that she intended to stop, were all questions of fact which were properly left to the jury, who returned a verdict for O'Hearn. At least it could not have been ruled as a matter of law that O'Hearn was negligent. *Duff* v. *Webster*, 315 Mass. 102. *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301. *Howes* v. *Kelman*, 326 Mass. 696. *Barton* v. *New York, N. H. & H. R.R.* 332 Mass. 345. The jury must have found, as they could upon the evidence, that O'Hearn was not negligent and therefore there was no negligence on her part that could be imputed to the owner of the automobile. *Hladick* v. *Williams*, 292 Mass. 470. *Quimby* v. *Eastern Mass. St. Ry.* 333 Mass. 41.

The exceptions of the plaintiffs Clougherty and O'Hearn are sustained and the verdicts rendered for them are restored while the defendant's exceptions to the refusal of the judge to enter verdicts for the defendant on the counts of the two remaining plaintiffs are overruled.

*So ordered.*