### Southern Division

## MICHAEL CORRADO, p.p.a.
### v.
## JOHN F. BOYCE, ET ALS

*Present*: Nash, P. J., Cox & Callan, JJ.

Case tried to *McKenney, J.* in the Municipal Court of the West Roxbury District. No. R181.

Argued: ——————    Decided: ——————

*Cox, J.* The plaintiff, a minor, was injured while a passenger in an automobile which was involved in a three car accident on Route 1 in West Roxbury at about 12:15 in the morning of May 10, 1959.

There was a finding for the plaintiff against the defendant Syrill A. Boyce, who, claims to be aggrieved by the denial of her requests for rulings, as follows:

"1. The evidence does not warrant a finding that the defendants, their agents or servants were negligent.

"2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

"3. The evidence does not warrant a finding that the negligence of the defendants proximately caused the alleged injuries and damage.

"4. As a matter of law the defendants breached no legal duty owned by them to the plaintiff."

In our opinion, numbers 1, 3 and 4 should

have been allowed and failure to do so was error.

The vehicle in which the plaintiff was a passenger was being operated by one Mc-Grail. The place where the accident occured is a divided highway with three traveling lanes in each direction. At or near where the accident occurred there is a break or cut-off in the reservation which divides the highway, allowing vehicles to turn around and proceed in the opposite direction.

The vehicle in which the plaintiff was a passenger was proceeding northerly on the lane nearest the reservation at about 30 miles per hour when he saw go on in front of him a vehicle owned by one John F. Boyce and operated by one Barbara Mitchell. The plaintiff's testimony as to the distance separating the vehicles when he saw the brake lights varied between one and one-half car lengths and five car lengths. He described a car length as being about ten feet. In front of the vehicle being operated by Barbara Mitchell was the vehicle being operated by the defendant Cyrill A. Boyce. When the plaintiff first saw this vehicle it was in the cut-off at a right angle to the reservation and was either moving very slowly or was stopped. The plaintiff's operator applied his brakes but was unable to avoid colliding with the vehicle operated by Barbara Mitchell. The plaintiff did not know whether that car struck the one being operated by the defendant

Cyrill A. Boyce. The plaintiff testified that south bound traffic was very heavy.

McGrail, the operator of the vehicle in which the plaintiff was a passenger, testified that he was in the left lane nearest the reservation traveling northerly about 25 to 30 miles per hour. Before the accident, he was blinded by the headlights of the southbound traffic. He did not see the vehicle operated by Barbara Mitchell until "it was a few feet in front of him" and did not see the vehicle operated by Cyrill A. Boyce until after the accident. He applied his brakes but was unable to stop before colliding with the middle vehicle. His speed was then about 25 miles per hour.

Barabara Mitchell testified that she had been traveling about 15 to 20 miles per hour in the lane nearest the reservation and came to a stop behind the vehicle operated by the defendant Cyrill A. Boyce. She had been waiting there about three minutes until a break in the southbound traffic would permit her to make a turn at the cut-off. While so stopped the vehicle in which the plaintiff was a passenger collided with her vehicle pushing her about 5 feet forward into the vehicle operated by Cyrill A. Boyce.

The defendant Cyrill A. Boyce testified that she was waiting about 3 minutes in the cut-off at right angles to the reservation for a break in the southbound traffic intending to move southerly on Route 1 when the left rear

of the vehicle she was operating was struck by the vehicle operated by Barbara Mitchell.

The report states that the testimony of both Barbara Mitchell and Cyrill A. Boyce was disbelieved.

The foregoing summarizes all the evidence reported.

A consideration of the reported evidence, with or without the evidence of Barbara Mitchell and the defendant Cyrill A. Boyce which the judge did not believe, requires the conclusion that there was insufficient evidence to warrant a finding that the defendant Cyrill A. Boyce was negligent. She was not bound to anticipate that after she had come to a stop, or near stop, and another automobile had stopped behind her, a third automobile would strike the vehicle behind her and that a passenger in that car would be injured. "The evidence was not sufficient to warrant a finding that negligence of the defendant was the proximate cause of the plaintiff's injury." *Conrey v. Abramson,* 294 Mass. 431, cited in the defendant's behalf, appears to be controlling. See also *Buda v. Foley,* 302 Mass. 411. *Kralik v. LeClair,* 315 Mass. 323, 328.

Judgment should be ordered for the defendant Cyrill A. Boyce.