KATHLEEN ORFIRER *vs.* KEN BISWANGER & another.[1] No. 87-54. December 24, 1987. *Practice, Civil*, Summary judgment. *Negligence*, Motor vehicle.

The plaintiff suffered injuries when the vehicle in which she was a passenger collided with the vehicle proceeding in a northerly direction directly ahead of her on Massachusetts Avenue in Cambridge. She brought suit against the operator of the vehicle in which she was riding and the operators of all three of the vehicles ahead of her in the line of traffic. The operators of the second and third vehicles in the line, Ken Biswanger and

---

[1] Serge Seraphin.

Serge Seraphin, respectively, moved for summary judgment. A Superior Court judge allowed the motions and entered final judgments in favor of the two defendants. We affirm the judgment in favor of Seraphin, the driver of the third car in line, and we reverse the judgment in favor of Biswanger, the driver of the second car in line.

In addition to the pleadings, the judge had before him the following factual material: affidavits from the plaintiff, Biswanger, and Seraphin and sworn interrogatory answers of the plaintiff and of the operator of the vehicle in which she was a passenger, of Biswanger, and of Susan Webster, the operator of the first vehicle in the line of traffic. According to the plaintiff's affidavit and her answers to interrogatories, as the car in which she was riding approached the intersection of Massachusetts Avenue and Beech Street, the first vehicle in line, Webster's, stopped abruptly at the intersection without signalling. At that point, and Biswanger and Seraphin vehicles both stopped abruptly, but avoided hitting the cars in front. The front of the vehicle in which the plaintiff was riding, however, collided with the rear of the Seraphin vehicle. Biswanger, the operator of the second car in line, stated in his affidavit that, as Webster entered the intersection in the first vehicle, she (Webster) "braked hard and turned left quickly without signalling" and that he (Biswanger) "braked immediately and moved to . . . [his] right to avoid a rear end collision with the Webster vehicle." Webster, whose negligence is not in issue before us, gave a different version of the accident. She claimed in answers to interrogatories that she slowed down at the intersection, used her directional signal, and made a lawful left turn. Seraphin, the operator of the third car in line, offered an account of the accident which neither contradicts nor corroborates the important aspects of the plaintiff's version of the accident. Seraphin stated in his affidavit that the Webster vehicle had stopped to take a left turn onto Beech Street, that the Biswanger vehicle stopped suddenly to avoid a collision with the Webster vehicle and that, faced with the sudden necessity for stopping to avoid a rear end collision with the Biswanger vehicle, Seraphin applied his brakes and was hit by the car in which the plaintiff was riding.

Based upon the affidavits and answers to interrogatories of all parties, Biswanger and Seraphin claimed that they were entitled to judgment as a matter of law. They invoked the so-called "sudden emergency" doctrine. "While ordinarily the reasonableness of the actor's conduct would be a question of fact, cases 'of sudden emergency may arise where on the evidence the trial judge should rule as a matter of law that the defendant's response or reaction to the crisis measured up to that of a . . . [person] of ordinary competence acting under similar circumstances.'" *Newman* v. *Redstone*, 354 Mass. 379, 383 (1968) (citation omitted). See also *Keenan* v. *Thibodeau*, 341 Mass. 452 (1960). The plaintiff, on the other hand, relies on the principles that the issue of negligence is generally one for the fact finder, see *Foley* v. *Matulewicz*, 17 Mass. App. Ct. 1004, 1005 (1984); that, in the case of a rear end collision, depending upon the speed at which

the cars are travelling, the distance between the cars, and other circumstances, the operator of the car in front, which stops, may be found to be causally negligent, see *Hladick* v. *Williams*, 292 Mass. 470 (1935); *Quimby* v. *Eastern Mass. St. Ry.*, 333 Mass. 41 (1955); and that the operator of a vehicle stopping suddenly may be found liable to a person injured in another car in line behind that operator even if there is no actual contact between the vehicle that stopped and any other vehicle, see *Stamas* v. *Fanning*, 345 Mass. 73, 76-77 (1962).

With these principles in mind, we examine the facts presented in a light most favorable to the plaintiff, the party who opposed summary judgment, to determine whether there exists, as to each of the defendants, a genuine issue of material fact.

1. *Biswanger*. The accident happened about 9:00 P.M., on a wet summer evening, as Biswanger was travelling between 20 and 25 miles per hour, approximately one car length behind Webster's vehicle. There is no dispute that, although he managed to avoid a collision with Webster, Biswanger stopped abruptly. There is a dispute, however, as to what happened to cause Biswanger to stop in an abrupt manner. According to Webster, she slowed down as she approached the intersection to make a lawful left turn and used her directional signals as she made her turn. Biswanger assumes that the plaintiff may not rely on Webster's answer because it is inconsistent with the account the plaintiff gave in her own answers to interrogatories: that Webster stopped suddenly without signalling to make an unlawful left turn. The plaintiff could not so testify at trial, however, as her answers were made without personal knowledge. She states that she did not see what happened in front of her before the collision. There is, thus, no reason to depart from the general rule that, in opposing a motion for summary judgment, a party may rely on interrogatory answers of any party in the case. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). On all the evidence properly before the court, we think a reasonable jury could believe Webster and find that a lack of attention to the traffic in front of him caused Biswanger to have to stop abruptly and that, in the circumstances, the inattentiveness was both negligent and causally related to the injuries suffered by the plaintiff in the chain-reaction accident that followed. Thus, a jury could find that the sudden emergency Biswanger faced was, to some extent at least, of his own creation, and the sudden emergency doctrine would not entitle him to judgment as a matter of law.

2. *Seraphin*. The evidence presented in opposition to the motion was not sufficient, however, to raise an issue as to liability on the part of Seraphin, the operator of the third car in line and the one with which the plaintiff's vehicle actually collided. All of the sworn statements about the accident were consistent in reporting that the second car, Biswanger's, stopped abruptly without signalling. Seraphin, nevertheless, stopped in time to avoid colliding with Biswanger. Neither Seraphin's speed just prior to the accident, 20-25 miles per hour, nor the distance between his vehicle

and the Biswanger vehicle, fifteen feet, justifies a finding of negligence. There is nothing more here than that Seraphin happened to be driving in a line of cars when something went amiss. Compare *Buda* v. *Foley*, 302 Mass. 411, 413 (1939). The mere fact that Seraphin was hit from behind is not proof of his negligence. See *Quimby* v. *Eastern Mass. St. Ry.*, 333 Mass. at 43. Compare *Olofson* v. *Kilgallon*, 362 Mass. 803, 805-806 (1973). To overcome Seraphin's motion, the plaintiff had the burden of showing from the circumstances that fault should be placed on Seraphin. For example, there would have been a triable issue if the plaintiff had produced evidence that Seraphin had made a sudden stop for no reason, or because of his inattention, unreasonable speed, or tailgating. On the facts presented, a conclusion that Seraphin was negligent can be based on no more than a guess. Had only those facts been presented at trial, he would have been entitled to a directed verdict. The summary judgment standard, although slightly harder to meet, "mirrors" the directed verdict standard. See the discussion in *Kaitz* v. *Foreign Motors, Inc.*, ante 198, 200, 202-203 & n.4 (1987). The award of summary judgment in his favor was proper.

> *Judgment for the defendant Seraphin affirmed.*
> *Judgment for the defendant Biswanger reversed.*

*Lawrence K. Glick* for the plaintiff.
*Brian P. Fay* for Serge Seraphin.
*Susan B. Nebel* for Ken Biswanger.