Welch, J.
This case involves a “chain reaction” accident when traffic ground to a stop on an overly congested interstate-Route 93. The defendant’s car was the filling in the sandwich as she was rear-ended by a third party and pushed into the rear of plaintiffs automobile. The plaintiff, Alese B. Clark (Clark), brought this negligence action against Michelle Lav-igne, Adeline Lavigne, and Metropolitan Property & Casualty Insurance Company for injuries sustained in the car accident on October 7, 1991. Specifically, Clark alleges that her injuries resulted from Michelle *257 Lavigne’s negligent operation of an automobile. Maintaining that they did not engage in any negligent conduct, Michelle Lavigne (Lavigne) and Adeline Lav-igne[2] (collectively defendants) have now moved for summary judgment. For the following reasons, the defendant’s motion for summary judgment is allowed.
BACKGROUND
The summary judgment record, when considered in favor of Clark as non-moving party, indicates the following. At approximately 9:30 a.m. on October 7, 1991, Clark and the defendants were traveling south on Route 93 in the left hand lane in stop and go rush hour traffic. Clark noted that because of the stop and go traffic the cars around her were closer than they might have been in free flowing traffic. The defendants traveled behind Clark for about fifteen minutes at a distance close enough to where [Clark] was checking [her] mirrors, but not right on [Clark’s] bumper. Specifically, when traffic was moving bumper to bumper, the front of Mrs. Lavigne’s car was approximately five feet from the rear of Clark’s car.
At some point, the traffic came to a complete stop and Clark stopped and placed her car into neutral. Similarly, Michelle Lavigne stopped approximately three to five feet behind the plaintiff. There is no allegation that defendant Lavigne stopped suddenly or was proceeding at an unreasonable rate of speed. Clark was then hit from behind by the car operated by Michelle Lavigne. Following the impact, Clark observed in her side view and rear view mirrors that Lavigne, the woman who had been driving the car behind her, was “out of her car and talking to somebody behind her.” Lavigne then went to the driver’s side window of Clark’s car and explained that she had been hit from behind and that was why she had hit Clark. Subsequently, when Clark and Lavigne went to speak to the man in the third car in order to exchange papers, they discovered that he had left the scene.
Two days after the accident Clark prepared a Commonwealth of Massachusetts Operator’s Report of Motor Vehicle Accident portraying the accident. Specifically, designating herself as Vehicle 1 and Lavigne as Vehicle 2, she wrote:
Vehicle #3 hit the rear end of Vehicle #2, and pushed Vehicle #2 into the rear of Vehicle #1. Drivers 2 & 3 got out of their cars, had conversation and driver 2 came up to car 1 to see how driver was (driver 1 had remained in her car). When they turned around, driver 3 was already gone from the scene: he just drove away and left the other 2 cars there, even though he knew that there was personal injury and motor vehicle damage. State Police trooper Calves came, and ambulance took drivers 1 & 2 to Mass. General. Cars 1 and 2 were towed.
At her deposition, Clark acknowledged that this description and an accompanying diagram accurately represented her recollection of how the accident happened.[3]
DISCUSSION
Pursuant to Rule 56 of the Massachusetts Rules of Civil Procedure, the court will grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Wheatly v. American Telephone & Telegraph Co., 418 Mass. 394, 397 (1994); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The non-moving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)). The court, however, has held that summary judgments are rarely appropriate to decide negligence actions because the question of negligence is usually one of fact. Manning v. Nobile, 411 Mass. 382, 388 (1991); Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991); Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984). But see Orfirer v. Biswanger, 25 Mass.App.Ct. 928, 929-30 (1987). Notwithstanding the court’s wariness, judges may resolve the issue as a matter of law when no rational view of the evidence allows a finding of negligence. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994) (citing Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983)); Glick v. Prince Italian Foods, Inc., 25 Mass.App.Ct. 901, 902 (1987).
The defendants move for summary judgment on Counts I and II of Clark’s complaint alleging negligence. In general, Massachusetts courts define negligence as the failure of a responsible person to exercise that degree of care which the person of ordinary caution and prudence ought to exercise under the particular circumstances. Carroll v. Bouley, 338 Mass. 625, 627 (1959). To prevail in a cause of action for negligence, the plaintiff must establish that the defendant owed a legal duly to the plaintiff, that the defendant breached that duly, and that the breach was the proximate cause of actual damage to the plaintiff. Id. The court has held that drivers owe a duty to operate their automobiles “in a reasonably careful and prudent manner, not only as to its rate of speed but also as to its distance . . . and, within the bounds of ordinary care, to anticipate that [an] . . . automobile might be required to stop for various reasons incident to the traffic.” Buda v. Foley, 302 Mass. 411, 413 (1939). While a driver is “bound to anticipate and provide against what usually happens and what is *258 likely to happen, [they are] not bound in like manner to guard against what is unusual and unlikely to happen.” Id.
In assessing whether a driver has breached this duty, Massachusetts courts have consistently held that “[e]vidence of a rear end collision without evidence of the circumstances under which it happens ... is not proof of the negligence of the operator of either vehicle, and the rule of res ipsa loquitur does not apply.” Frazier v. Cardialino, 356 Mass. 465, 466 (1969) (citing Buda v. Foley, 302 Mass. 411, 412-13 (1939)); Jennings v. Bragdon, 289 Mass. 595, 597 (1935). Even in a case where the defendant’s vehicle strikes the rear of the plaintiffs vehicle, the court has held that the mere happening of an accident does not establish negligence on the part of the defendant. Olofson v. Kilgallon, 362 Mass. 803, 805 (1973); Hendler v. Coffey, 278 Mass. 339, 340 (1932); Reardon v. Boston Elev. Ry., 247 Mass. 124, 126 (1923). Accordingly, “the fact that an accident has happened either to or through a particular vehicle is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle.” Reardon, 247 Mass. at 127. The court, however, has held that slight evidence of the circumstances may “place the fault,” warranting a finding of negligence. Olofson, 362 Mass. at 805; Mazukna v. Powers, 333 Mass 331, 333 (1935); Lech v. Escobar, 318 Mass. 711, 712 (1945); Buda, 302 Mass. at 413; Jennings, 289 Mass. at 597; Hendler, 278 Mass. at 340.
The undisputed facts do not warrant a finding that Lavigne’s conduct amounted to a breach of duty to Clark. In an analogous case, the Appeals Court held that the evidence presented in opposition to the defendant’s motion for summary judgment in a multiple car collision case was not sufficient to raise an issue as to liability. Orfirer v. Biswanger, 25 Mass.App.Ct. 928, 930 (1987). The court affirmed summary judgment for the defendant, the driver of a car in a chain reaction collision whose car was struck from behind and pushed into the car occupied by the plaintiff, because the plaintiff failed to produce evidence of any circumstances pertaining to the moving party which could have created a triable issue. Id. Specifically, the court noted that:
[n] either [the defendant’s] speed just prior to the accident nor . . . the distance between his vehicle and [the] vehicle [in front of him] . . . justifies a finding of negligence. There is nothing more here than that [the defendant] happened to be driving in a line of cars when something went amiss. The mere fact that [the defendant] was hit from behind is not proof of his negligence. To overcome defendant’s motion, the plaintiff had the burden of showing from the circumstances that fault should be placed on [the defendant]. For example, there would have been a triable issue if the plaintiff had produced evidence that [the defendant] had made a sudden stop for no reason, or because of his inattention, unreasonable speed, or tailgating. On the facts presented, a conclusion that [the defendant] was negligent can be based on no more than a guess.
Id. Similarly, Clark failed to show slight evidence of circumstances on which the court could base a finding of negligence because she did not produce any evidence that Lavigne’s operation of her automobile caused the collision with the third vehicle or the subsequent collision with Clark’s car. See Varisco v. Malovin, 356 Mass. 712, 714 (1970) (holding slight evidence of the circumstances lacking where plaintiff failed to present evidence that defendant’s manner of driving caused the collision with third car or subsequent collision with plaintiffs vehicle); Buda, 302 Mass, at 413 (holding the court erred in permitting a finding of negligence on part of defendant in not foreseeing that her automobile might be hit from behind and pushed ahead into a collision with another car); Orfirer, 25 Mass.App.Ct. at 931. The evidence that Clark has produced, including her deposition, her answers to interrogatories, and her police report as referenced in her deposition cites an unidentified third party negligently driving his car as the impetus which propelled Lavigne’s car into Clark’s stopped car. It is uncontested that Lavigne was not tailgating and did not stop with unreasonable suddenness. She had stopped prior to the collision three to five feet behind Clark. She was then struck from behind and knocked into Clark’s car. Accordingly, the third party’s role in this case is reasonably established and the evidence of the circumstances does not go far enough to “place the fault” on Lavigne. Clark simply has not produced any evidence from which a rational juiy could conclude that Lavigne was negligent.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants, Michelle Lavigne and Adeline Lav-igne, motion for summary judgment pursuant to Rule 56 be ALLOWED.

Adeline Lavigne is Michelle Lavigne’s mother and is included on this Motion insofar as the Clark alleges that she was the owner of the car involved in the accident.

In contrast to this deposition testimony, Clark states in an affidavit prepared after the defendants filed their motion for summary judgment that she did not know if a third vehicle had been involved in the accident. In particular, Clark asserts that she did not see or hear th[e] other vehicle and relied on the statement of Michelle Lavigne as being true. The court, however, disregards those statements that contradict her prior deposition testimony that she saw Lavigne speaking with the man in a third car and that Lavigne was hit from behind by a third party. [A] party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath at a deposition. O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993).

Adeline Lavigne and Metropolitan Property & Insurance Company.