Merrick, P.J.
The plaintiffs brought this action against defendant Melinda Muszynski (“the defendant”) claiming personal injuries caused by her negligence, and against defendant Metropolitan Insurance Company to recover Personal Injury Protection (“PIP”) benefits.
The evidence indicates that on January 23,1999, the plaintiffs were the operator and passengers in a motor vehicle stopped on Centennial Drive in Peabody. It was raining and the road was wet The plaintiffs testified that they were stopped at a red light when the defendant “rear-ended” their vehicle. The defendant testified that she was traveling 20 to 25 miles per hour when she crested a hill and saw the plaintiffs’ car about 100 feet ahead other in front of a green traffic light According to the defendant, the light turned yellow and she thought the plaintiffs would continue through the intersection. Instead the plaintiffs “immediately slammed on their brakes” at the intersection. The defendant applied her brakes, but was unable to stop due to the wet road conditions. The defendants car struck the rear of the plaintiffs’ car after “sliding or hydroplaning.” The defendant had experienced hydroplaning at an undisclosed location on some previous occasion.
On a Special Jury Verdict, the jury answered “No” to the question: “Was the defendant, Melinda Muszynski, negligent?” The jury apparently did find in favor of the plaintiffs against Metropolitan on the PIP claim, although the verdict slip is not included in the record appendix. The judge denied the plaintiffs’ post-trial motion for judgment notwithstanding the verdict, or in the alternative for a new trial, on the tort claim. The plaintiffs have appealed only the denial of a new triaL
A trial judge may grant a new trial on the ground that the verdict was against the weight of the evidence only if the judge is satisfied that the jury “failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (1989). That decision rests within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion, meaning “idiosyncratic choice brought on by arbitrary determination, capricious disposition, or whimsical thinking.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993). In the felicitous expression of Justice Kass, “the occasions on which appellate courts have thought the broad discretion of a trial judge to have been abused on such a motion are extremely rare; like snow storms in mid-May, such occasions may occur, but *244 they induce considerable astonishment when they do.” Id. at 747.
It is the plaintiffs’ contention that the jury failed to follow the judge’s instructions because, as they state in their brief, the defendant’s negligence “is an inescapable conclusion as there was no other cause, reason or excuse for the collision.”[3] Jurors are presumed to follow the court’s instructions. Commonwealth v. Botticelli, 51 Mass. App. Ct. 802, 805 (2001); Searcy v. Paul, 20 Mass. App. Ct. 134, 145 (1985). Moreover, “[tjhe mere happening of an accident does not establish negligence on the part of the defendant, even in a case where the defendants vehicle strikes the plaintiffs vehicle in the rear.” Olofson v. Kilgallon, 362 Mass. 803, 805 (1973). “In cases such as the present one which involve rear end collisions, questions of fact as to the rate of speed at which the cars were traveling, the distance between the cars and any other relevant circumstances would be determinative” of whether either operator was negligent Wright v. Sabatino, 1995 Mass. App. Div. 48, 49.
There was no abuse of discretion in the denial of the plaintiffs’ motion for a new trial.
Appeal dismissed.
So ordered.

 The plaintiffs contended at oral argument that the jury may have been confused by the joinder of the tort and PIP claims. The decision to combine those claims in a single action was the plaintiffs’, not the courts. The plaintiffs raise no complaint about the judge’s charge to the jury. Moreover, contrary to the plaintiffs’ oral argument to this Division, there was no inconsistency between the jury’s finding for the plaintiffs on their PIP claim against Metropolitan and its finding against the plaintiffs on their negligence claim against the defendant The contract and statutory issues determinative of the first claim are not identical to the tort issues involved in the second.