Carey, Richard J., J.
Introduction
This case arises out of an accident which occurred when the plaintiff, Donna M. Rochon (“Rochon”) was struck by a bus operated by the defendant, Kenneth R. Labounty (“Labounty”), and owned by the defendant, Worcester Regional Transit Authority (“WRTA”). Rochon alleges that Labounty was negligent in the manner in which he operated WRTA’s bus, and that as a result of his negligence, Rochon sustained serious personal injuries. Rochon brings this action alleging negligence against Labounty, and a claim against WRTA, as Labounty’s employer, pursuant to Chapter 258. The defendants have filed a motion for summary judgment on all counts of the plaintiffs complaint. For the reasons stated below, the defendants’ motion for summary judgment will be allowed.
Background
The summary judgment record, when considered in favor of Rochon as non-moving party, indicates the following. In the early evening of Wednesday, May 27, 2009, the plaintiff, Donna M. Rochon, visited her father, Roger Sargentelli, who lived at 312 Greenwood Street in Worcester. Sargentelli had a pet beagle dog named Danger. Danger was an “inside dog.”
Shortly after Rochon left her father’s house, she received a call on her cell phone from her father. Her father told her that the dog had gotten out. Her father asked her to return and help him try and find the dog. Rochon returned to her father’s house and they then each got into their own cars and separately drove around the neighborhood looking for the dog. After approximately five minutes of unsuccessful looking, they both returned to 312 Greenwood Street.
Rochon was following her father. She watched as her father pulled his car over a couple of car lengths past the driveway to his house. Rochon pulled in front of 312 Greenwood Street. Rochon then observed her father get out of his car and walk into the middle of Greenwood Street. She then saw her father’s dog also in the middle of the street. She watched her father “scurrying” to get his dog. She saw him bend over trying to grab the dog. The plaintiff was concerned when she saw her father in the middle of the road. She quickly got out of her car with the intent to help her father capture the dog. In one continuous motion, she stepped out of her car and took two steps into the travel lane of the street. She was then immediately struck by the bus. She never looked in the direction the bus was coming from.
The most compelling evidence in support of the defendants’ motion for summary judgment is the video taken of the actual accident as it happened by a camera mounted in the front of the bus. The video reflects that Rochon got out of her car and walked directly in front of the bus without looking. The incident took a matter of seconds. The bus driver had no time to avoid Rochon.
Discussion
A motion for summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). A principal purpose of the summary judgment motion is to “isolate and dispose of factually unsupported claims or defenses.” Kourouvacilis v. General Motors Corp., 410 Mass. at 713 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. Summary judgment is rarely appropriate in deciding negligence actions, because the question of negligence is usually a determination for the jury. Manning v. Nobile, 411 Mass. 382, 388 (1991). However this rule is not absolute. Id. In Alholm v. Wareham, the Supreme Judicial Court explained that by bringing their actions, the plaintiffs assumed the obligation to show that the negligence of the defendant caused the injury. This was an affirmative burden and could not be left to surmise, conjecture, or imagination. There must be something amounting to proof, either by direct evidence or rational inference of probabilities from established facts. While the plaintiff is not bound to exclude every other possibility of cause of his injury except that of the negligence of the defendant, she is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not *620 liable. If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as for which the defendant is liable, then a plaintiff fails to make out his case. 371 Mass. 621, 626-27 (quotations omitted).
Here the plaintiff has not met her burden of proof. While the bus driver had a duty to operate the bus in a reasonably careful and prudent manner, evidence of an accident, in and of itself, is not proof of negligence. Buda v. Foley, 302 Mass. 411, 412-13 (1939). The deposition testimony of Rochon and the bus driver are not inconsistent. Further, the video of the actual accident reveals that Rochon abruptly walked in front of the moving bus without looking. The plaintiff has offered no proof that she looked in the direction of the bus before she proceeded into the street, that the bus was speeding, or that the driver operated the bus in any way other than in a reasonable and safe fashion. There is no rational view of the evidence put forth by the plaintiff that will permit a jury to find negligence.
Order
For the foregoing reasons, it is therefore ORDERED that the defendants’ motion for summary judgment is ALLOWED.