Brant, J.
Plaintiff Fay Norris (“Norris”) has appealed the entry of a directed verdict on her negligence claim against defendant Nicole Lewenson (“Lewenson”) in this automobile tort case.
The action arose from a four-car motor vehicle accident on Route 2 in Lincoln on August 8, 2002. Norris’ was the second car, and Lewenson was the driver of the fourth car. Although it was undisputed that Norris’ car was struck by the third car rather than by Lewenson's, Norris brought this action in negligence against Lewenson only. Lewenson then filed a third-party complaint against the driver of the third car, who was defaulted for failure to file an answer.
The case proceeded to a jury trial, at which Norris called only herself and Lewenson as witnesses. Norris testified that she stopped behind the first car at a traffic light, and observed the third car approaching her from behind at a high rate of speed. She had been concerned that the third car would strike hers because it had been following too closely. The third car did collide with the rear of Norris’ car, pushing her car into the first car in line. Norris testified that the third car had not come to a stop prior to the impact, and that she never saw the fourth car driven by Lewenson. Lewenson admitted that her car hit the car in front of her. She denied that she was speeding, indicated that her vehicle’s air bags did not deploy upon impact, and pointed out that she was not issued any citation for speeding. At the close of Norris’ evidence, the trial judge allowed Lewenson’s motion for a directed verdict.
The test for granting a Mass. R. Civ. R, Rule 50(a), motion for a directed verdict in a jury trial is whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Berkshire Armored Car Servs., Inc. v. Sovereign Bank of New England, 65 Mass. App. Ct. 96, 97 (2005), quoting Kelly v. Railway Express Agency, Inc., 315 Mass. 301, 302 (1943). “In applying this standard, the evidence must be viewed in the light most favorable to the plaintiff.” Wood Mill, LLC v. The Psychological Ctr., Inc., 2006 Mass. App. Div. 88, 90. “Only when no rational view of the evidence warrants a finding that the defendant was negligent may the issue be taken from the jury.” Young v. Atlantic Richfield Co., 400 Mass. 837, 841 (1987).
The question on Lewenson’s directed verdict motion was whether Norris presented any evidence that Lewenson was negligent. “Negligence ... is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances.” Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 137 (2006), quoting Altman v. Aronson, 231 Mass. 588, 591 (1919). Norris’ evidence failed to indicate anything about the manner in which Lewenson drove her car *114 except that Lewenson hit the third vehicle and that the third vehicle hit her car. “[I]t is settled that the mere fact that a defendant’s vehicle strikes another vehicle in the rear does not establish negligence on the part of the defendant” Mantak v. Sahagian, 2 Mass. App. Ct. 871 (1974). See also Reardon v. Boston Elevated Ry. Co., 247 Mass. 124, 126 (1923). While only “slight” additional evidence may be necessary to place the fault, the doctrine of res ipsa loquitur does not apply to salvage a negligence claim based on nothing more than the fact of a rear-end collision. Varisco v. Malovin, 356 Mass. 712, 714 (1970).
The evidence in this case did not warrant an inference that the third car had come to a full stop behind Norris at the traffic light and, thus, that Lewenson could be deemed negligent “either in failing to observe or in failing to stop or in driving too fast or too near” a stopped car. Olofson v. Kilgallon, 362 Mass. 803, 806 (1973), quoting Jennings v. Bragdon, 289 Mass. 595, 598 (1935). Norris offered no evidence of Lewenson’s excessive speed or inattention to other motorists or pedestrians, or of any circumstances indicative of Lewenson’s negligence. Norris conceded that she never saw Lewenson’s car. The fact that Norris felt a single impact as her car was struck by the third vehicle immediately behind her did not establish any absence of due care in Lewenson’s operation of her vehicle.
As the evidence was insufficient to permit a finding of Lewenson’s negligence, there was no error in the trial court’s allowance of Lewenson’s directed verdict motion.
Judgment affirmed. Appeal dismissed.
So ordered.