Greco, PJ.
This matter is before us on a report pursuant to G.L.c. 231, §108 and Dist./Mun. Cts. R. A. D. A., Rule 5, filed by the trial judge after a judgment was entered dismissing the case brought by plaintiff Tasha V. Bryan against defendant Price Chopper Operating Company of Massachusetts. The trial judge asks whether his decision to deny the plaintiffs motion that he recuse himself was proper and, if so, whether it was appropriate to dismiss the complaint when the plaintiff, “on the advice of counsel, refuse [d] to go forward with a jury trial.” Included in his report to this Division is the trial judge’s written decision setting forth findings of fact and the reasons for his rulings. There is no indication in the record before us that the trial judge “conductfed] a hearing on the form and content of the report prior to filing” it, as permitted under Rule 5. Nor is there any suggestion that either of the parties requested such a hearing. Both parties have filed briefs with this Division. Plaintiffs counsel has attached various affidavits to his brief, which will be referred to, infra.
Plaintiffs counsel essentially argues that the trial judge’s relationship with all of the lawyers in his firm had become so hostile as to require the judge’s recusal in this case. To support that allegation, counsel refers to a series of cases that are unrelated to the case at bar, and the transcripts of which are not before us. Counsel has filed an appeal, not yet perfected, in only one of those cases. Counsel’s complaints relate to both legal rulings and issues of judicial demeanor. Specifically, he asserts that the trial judge denied requests and motions in several cases “ [i]n a very condescending tone and body language that was dismissive” and that he “appears to enjoy acting that way;” that he allowed all seven jurors to deliberate in a civil case and was prepared to take a verdict when six of the seven agreed; that he commented on the merits of a case at sidebar “within 25 feet of the jury, and in line of view of all of the jurors;” that he questioned whether counsel was “perpetrating fraud” in presenting a medical record; that he has a misconception about a plaintiffs burden of proof in motor vehicle rear-end accident cases; that after a prior rear-end collision case had settled, the judge inquired, in his lobby with both counsel present, why a settlement was reached; and that during the same lobby conference, he remarked that he did not find a particular doctor credible. Plaintiff’s counsel also asserts that he complained about the trial judge’s conduct to the administrative judge for the region of which the Marlborough District Court is a part, and to the Commission on Judicial Conduct.
When he ruled on the recusal motion, the trial judge was not in a position to make findings on all of the various allegations that plaintiff’s counsel later raised before this Division. The judge’s findings do, however, shed some light on those issues. The judge stated that on one occasion, he apologized to one of the attor *190 neys from the law firm in question “if in any way [he] was not at all times polite.” He explained to the attorney that his trial was the second one the judge had completed that day, and the fourth in three days. He also told the attorney that he “[saw] nothing predictive in the fact that several cases tried by his colleagues [in the firm] had resulted in jury verdicts for defendants.” Further, the judge noted that the “courtroom in Marlborough is quite large and the jury is across the room from the judge’s bench,” and that “[a]ny suggestion that the jury could hear” a sidebar conference “is false.” The judge’s written decision further explains his rationale for not asking the voir dire questions requested, for allowing seven jurors to deliberate, and for raising an issue about a possible inconsistency in a medical record. Finally, with respect to counsel’s disagreement with the trial judge on a plaintiff’s burden of proof in an automobile rear-end collision case, we take judicial notice of the same judge’s opinion in Norris v. Lewenson, 2007 Mass. App. Div. 113, a case in which neither plaintiff’s counsel, nor his law firm, was involved. In Norris, the judge’s legal conclusions on the burden-of-proof issue are discussed in full, with supporting legal authority. In any event, it must be noted that this case is a “slip and fall” action, not a motor vehicle tort case.
1. The report before us does not permit our resolution of all of the factual disputes discussed above. The report was filed on May 24, 2007, the same day that the case was dismissed. While under Rule 5 “[t]he judge’s report shall for all purposes ... constitute a notice of appeal,” the plaintiff did not at any time seek a hearing before the trial judge on the content of the report, or request that a record of the proceedings be provided to this Division. The plaintiff relied instead on her counsel’s assertions in her brief and on the affidavits appended to the brief. In this context, we simply make the following observations.
Pursuant to S.J.C. Rule 3:09, Canon 3(E)(1)(a) of the Code of Judicial Conduct, “[a] judge shall disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned, including but not limited to instances where... the judge has a personal bias or prejudice concerning a party or a party’s lawyer.” ‘The matter of recusal is generally left to the discretion of the trial judge, and an abuse of that discretion must be shown to reverse a decision not to allow recusal” (citations omitted). Commonwealth v. Daye, 435 Mass. 463, 469 (2001), quoting Haddad v. Gonzalez, 410 Mass. 855, 862 (1991). “Faced ... with a question of his capacity to rule fairly, the judge was to consult first his own emotions and conscience. If he passed the internal test of freedom from disabling prejudice, he must next attempt an objective appraisal of whether this was ‘a proceeding in which his impartiality might reasonably be questioned.’” Lena v. Commonwealth, 369 Mass. 571, 575 (1976), quoting S.J.C. Rule 3:25 [former Code of Judicial Conduct], Canon 3(C) (1) (a). In his written decision in this case, the trial judge clearly demonstrated his awareness of these standards. He also indicated that he had “no feelings, positive or negative, toward these lawyers or their colleagues,” and he “rejectfed] any suggestion that [he had] influenced the jury’s verdict by anything [he had] done other than in [his] proper role as a trial judge.”
Many of the reported cases on recusal touch on the situation presented to this trial judge. First, “ [t] o show that a judge abused his discretion by failing to recuse himself, a [party] ordinarily must show that the judge demonstrated a bias or prejudice arising from an extrajudicial source, and not from something learned from participation in the case,” Commonwealth v. Adkinson, 442 Mass. 410, 415 (2004), or in earlier proceedings. Id., citing Liteky v. United States, 510 U.S. 540, 551 (1994). There is not even a suggestion in the case at bar of the trial judge being influenced by an extrajudicial source. Second, the “rules governing the recusal of a judge are not intended to provide litigants with a means of obtaining a judge of their choice.” Edinburg v. Cavers, 22 Mass. App. Ct. 212, 217 (1986). Thus, the trial judge was in no way obligated, after denying the plaintiff’s recusal motion, to pass *191 the case on to another judge sitting in the same court that day.[1] Third, the fact that plaintiffs counsel had filed a complaint against the trial judge did not require the judge’s disqualification. See Demoulas v. Demoulas, 432 Mass. 43, 55 (2000). In this regard, the trial judge stated that it did not “bother [him] that an attorney from this firm ha[d] complained about [him] to any party including the Commission on Judicial Conduct.” Fourth, with respect to the judge’s comment about the age of this case and the applicable time standards, we are mindful that the Appeals Court has stated that the “[p]ossible consequences of [a judge’s] recusal on the commencement of the trial are immaterial.” Parenteau v. Jacobson, 32 Mass. App. Ct. 97, 104 (1992). On the other hand, the Appeals Court has also noted that “[t]he orderly management of the trial list is a legitimate concern of a judge and, while not necessarily a determinative consideration, ought not to be belittled.” Beninati v. Beninati, 18 Mass. App. Ct. 529, 535 (1984). In any event, the judge’s statement about the age of the case was made after he denied the plaintiff’s motion to recuse, and in the context of the potential dismissal of the case based on the plaintiff’s refusal to proceed with trial. Fifth, there is nothing before us to indicate that “the judge’s rulings during... [any of these proceedings] were influenced by considerations other than the law.” Daye, supra at 470 n.4. Many of the disagreements between the judge and the lawyers involved legal questions. On some, the trial judge may have been right. See Norris, supra at 114 on the burden of proof issue, and Daye, supra at 471 on the jury voir dire issue. On the other hand, see G.L.c. 234, §34A on the number of jurors sufficient to return a verdict. It is elementary that if a lawyer is unhappy with a judge’s legal ruling, his recourse is to appeal, not to seek recusal.
Two additional observations must be made about a trial judge’s obligation to “be patient and courteous to ... lawyers,” S.J.C. Rule 3:09, Canon 3(B) (4), and to disqualify himself if his “impartiality might reasonably be questioned ... where ... the judge has a personal bias or prejudice concerning a party or a party’s lawyer.” S.J.C. Rule 3:09, Canon 3(E)(1)(a). First, it appears that the disagreements between the trial judge and members of the firm representing the plaintiff generally arose during the trial of motor vehicle torts, specifically cases involving rear-end collisions, and concerned a plaintiff’s burden of proof. But, as noted, this case was a “slip and fall” action. More importantly, both the Supreme Judicial Court and the Appeals Court have been cautious about reversing a denial of a motion to recuse based on issues of demeanor. In Beninati, supra at 534, the Appeals Court concluded that the trial judge did not abuse his discretion even though “a measure of patience on the part of the tribunal... would have been the wiser course.” Similarly, the Supreme Judicial Court observed in Daye, supra at 470 n.4 that “[w]hile harsh words are not the preferred method for maintaining order in a court room, a full reading of the transcript [in that case] demonstrate [d] that the judge took the measures he felt necessary to maintain control of the proceedings” (citation omitted). Here, the judge apologized for one exchange. Beyond that, we have nothing but the bald allegations of lawyers from the firm that he was “condescending” or “dismissive,” and “enjoy [ed] acting that way.”
Based on the above considerations in the context of the record before us, we conclude that the trial judge did not abuse his discretion in denying the plaintiff’s motion to recuse.
2. The other question reported by the trial judge is whether, after his action on the motion to recuse, it was appropriate to dismiss the complaint when the plaintiff, “on the advice of counsel, refuse [d] to go forward with a jury trial.” Such dis *192 missal was not ordered in haste. In his report, the trial judge stated that when counsel indicated that he would not proceed with trial, the judge urged him to do so, to “object to any ruling made at the trial which he thought was improper, and in the event his client lost... to appeal any rulings made at trial as well as the decision on the motion for recusal.” The judge took the further step of conducting a “colloquy with the client in which [the judge] explained that the case was very old and well beyond the applicable time standards, that the trial would not be continued, and that if [the client] did not have her trial on the scheduled day she would likely never have her day in court.” After consulting with her lawyer, the plaintiff responded that she would follow her lawyer’s advice and not go forward. Only then was the case dismissed with prejudice.
‘Whether a case shall be continued or proceed to trial is within the sound discretion of the judge.” Beninati, supra at 534. “The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an ‘inherent power,’ governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.” State Realty Co. v. MacNeil Bros. Co., 358 Mass. 374, 379 (1970), quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962). The decision of the trial judge in this case did not rest on “whimsy, caprice, or arbitrary or idiosyncratic notions.” Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 642 (1986). This was clearly not a situation in which plaintiff’s counsel was seeking a continuance for good cause. Cf. Monahan v. Washburn, 400 Mass. 126, 129 (1987) (continuance improperly denied in view of “legitimate illness of a litigant”).
The plaintiff in this case presented no reason for a continuance, legitimate or otherwise. Counsel simply did not want to go to trial before this particular judge. The judge took great pains to explain what was at stake to both counsel and his client. Counsel ignored the judge’s warning, and the plaintiff followed her lawyer’s advice. Counsel had the obvious option of proceeding to trial, which was not likely to have lasted very long. The plaintiff might well have prevailed on her claim at trial. If she did not, nothing may have occurred at trial to raise any conceivable question about the judge’s impartiality. If counsel thought otherwise, his client could have appealed. In his brief, plaintiff’s counsel asserts that he wanted to appeal the denial of his motion to recuse before proceeding to trial. The required procedure would have been a request by counsel for the trial court to report the ruling on an interlocutory basis. See G.L.c. 231, §108; Dist./Mun. Cts. R. A. D. A., Rule 5. Counsel never made any such request. It is only by virtue of the trial judge’s own action in reporting these two questions to this Appellate Division that counsel has been afforded any review of the rulings made. The situation here is analogous to the countless cases brought before the Supreme Judicial Court under G.L.c. 211, §3 in which it has been held that the alleged error could have been adequately and effectively remedied through the normal appellate process after a trial.
In these circumstances, there was certainly no abuse of discretion in the trial judge’s dismissal of this case upon the plaintiff’s refusal to proceed with trial.
Accordingly, we answer the questions framed by the trial judge in the affirmative, and find no error. The trial court’s judgment of dismissal of the plaintiff’s action is affirmed.
So ordered.

 In any event, there is nothing before us to indicate that there was another judge who had not become immersed in some other proceeding and was available to take the trial of this case.